**SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL 206, OF the SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, AFL–CIO, Plaintiff–Appellee,**

**and**

**The Board of Trustees of the Sheet Metal Workers' Pension Plan of Southern California, Arizona and Nevada; the Board of Trustees of the Sheet Metal Workers' Health Plan of Southern California, Arizona and Nevada; and the Board of Trustees of the Sheet Metal Workers' National Pension Fund, Intervenors,**

**v.**

**R.K. BURNER SHEET METAL INC., Defendant–Appellant.**

No. 87–6212.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 1988.

Memorandum Filed July 21, 1988.

Amended Sept. 22, 1988.

Decided Oct. 17, 1988.

Mark T. Bennett, Stephen J. Schultz, Merrill, Schultz & Wolds, Ltd., San Diego, Cal., for defendant-appellant.

Michael S. Villeneuve, San Diego, Cal., Robert A. Cantore, Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING, NELSON and CANBY, Circuit Judges.

## ORDER

The request for publication of the memorandum disposition filed July 21, 1988 is granted. Accordingly, pursuant to Circuit Rule 36–4, the attached opinion is ordered filed as the decision of the court.

## OPINION

CANBY, Circuit Judge:

R.K. Burner Sheet Metal appeals the district court's partial confirmation of an arbitration award imposed under the interest arbitration provisions of Burner's 1983 collective bargaining agreement with Sheet Metal Workers' Local 206. We affirm.

## BACKGROUND

In 1983, the parties agreed to a three year collective bargaining agreement for Burner's building trades group, a division which performs field fabrication, erection and installation of sheet metal products. Although the 1983 Agreement contemplated that successor agreements would be negotiated, the parties were unable to reach a voluntary agreement on a new contract in 1986. Declaring that an impasse had been reached, Local 206 submitted the dispute for arbitration under the contract's interest arbitration provisions. Burner objected to the arbitration, unsuccessfully filed an unfair labor practice complaint charging that Local 206 improperly refused to extend the 1983 Agreement, and implemented its final proposal on July 1, 1986.

The National Joint Adjustment Board (NJAB) ordered the parties to sign a Standard Form of Union Agreement A–3–86, as modified by the NJAB. The NJAB retained jurisdiction in the event that a court found that the arbitration decision improperly imposed remedies on non-mandatory bargaining terms and the parties were unable to reach agreement on those terms. Local 206 petitioned the district court to confirm the NJAB decision. Burner filed a complaint to vacate the decision. The district court confirmed the NJAB decision with respect to all mandatory bargaining terms for the period between July 1, 1986 and December 15, 1986, the date on which Local 206 was decertified as the bargaining representative for Burner's building trades group. This appeal by Burner followed.

## DISCUSSION

■ Burner first contends that the district court lacked jurisdiction to confirm the NJAB decision. The district court has jurisdiction under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1982), to vacate or enforce a final labor arbitration award. *Kemner v. District Council of Painting and Allied Trades No. 36*, 768 F.2d 1115, 1118 (9th Cir.1985). In general, a district court should only confirm a final and binding arbitration award. *General Drivers Warehousemen and Helpers, Local Union 89 v. Riss & Co.*, 372 U.S. 517, 519, 83 S.Ct. 789, 791, 9 L.Ed.2d 918 (1963) (per curiam); *Millmen Local 550 v. Wells Exterior Trim*, 828 F.2d 1373, 1375 (9th Cir.1987). In *Wells Exterior*, the arbitrator ruled that an employer had violated a collective bargaining agreement, but declined to fashion any remedy. Instead, the arbitrator remanded the question of remedy while retaining jurisdiction in the event that the parties were unable to reach an agreement. We reversed the district court's confirmation of the award on the grounds that the arbitrator's retention of jurisdiction was inconsistent with a final and binding decision: "an arbitration award that postpones the determination of a remedy should not constitute a 'final and binding award' reviewable under section 301." *Id.* at 1376.

■ Burner's reliance on *Wells Exterior* is misplaced. In this case, the NJAB determined that the interest arbitration provisions of the 1983 Agreement were properly invoked. The NJAB then fashioned a remedy by directing the parties to sign a new three-year agreement. The new contract specified certain wage increases and required an interest arbitration clause. The award vested the NJAB with continuing jurisdiction over non-mandatory bargaining

issues only in the event that (1) a court held the award to be improper with respect to a non-mandatory term, and (2) the parties were unable to reach an agreement on the non-mandatory term. The district court properly exercised its jurisdiction because the NJAB Award was final and binding as to all mandatory bargaining terms. Indeed, the award was final for all purposes if no court acted. Because the district court confirmed the NJAB decision only with respect to mandatory bargaining terms, we do not reach the issue whether non-mandatory bargaining terms may be imposed in interest arbitration.

■ Burner also contends that because the 1983 Agreement was based on the Standard Form of Union Agreement negotiated by SMACNA and Local 206's parent international, Burner was not obligated to submit its dispute with Local 206 to arbitration under the 1983 Agreement's interest arbitration provisions. In general, an individual employer may not be compelled to participate in arbitration under an agreement negotiated by a multi-employer bargaining association. *See Associated Plumbing & Mechanical Contractors of Sacramento, Inc. v. Local Union No. 447*, 811 F.2d 480, 484 (9th Cir.1987) (arbitration clause in collective bargaining agreement negotiated by a multi-employer organization who was the only named party and signatory to contract had no binding effect on individual employer).

■ This case presents a very different set of facts from those in *Associated Plumbing*. Burner's name appeared on the title and concluding pages of the 1983 Agreement. Burner was the only contractor to sign the 1983 Agreement. More important, Burner was not a member of a multi-employer bargaining association when it negotiated and signed the 1983 Agreement. Nor has Burner demonstrated that it was forced or in any way compelled to accept the Standard Form of Union Agreement in 1983. Although the NJAB arbitrator selection process may well be disadvantageous to employers outside of SMACNA, Burner was aware of these procedures as a former SMACNA member

when it voluntarily accepted the interest arbitration provisions of the Standard Form of Union Agreement. The district court correctly ruled that Burner was obligated to submit to arbitration under the 1983 Agreement.

■ Burner next contends that the district court erred in confirming the NJAB decision only as to mandatory bargaining terms because the severed non-mandatory terms were so crucial to the new contract as to nullify any remaining agreement. We disagree. The surviving valid provisions of a collective bargaining agreement may be enforced to avoid obliterating the entire agreement upon severance of an invalid provision. *See NLRB v. Rockaway News Supply Co., Inc.*, 345 U.S. 71, 78–79, 73 S.Ct. 519, 523–24, 97 L.Ed. 832 (1953). Severance may not be appropriate where the bargaining agreement was illegally obtained or where a severed valid provision was so fundamental that its absence nullifies the remaining agreement. *NLRB v. Southern Cal. Pipe Trades Dist. Council No. 16*, 449 F.2d 668, 673 (9th Cir.1971).

This case does not present the extraordinary circumstances that would render severance inappropriate. The references to employees working "in shop" remain in the new agreement in the same form as in the prior 1983 agreement. Although the Standard Form of Union Agreement was originally written to apply to a variety of bargaining units, both parties concede that the 1983 Agreement referred only to the building trades group. The other non-mandatory provisions, covering industry promotion, advancement funds, grievance resolution, and time period, do not involve issues so fundamental to the new agreement that the entire contract must be voided. Even after severance of the non-mandatory bargaining terms, the new contract adequately provides for the determination of back pay and fringe benefits for the period between July 1, 1986 and December 15, 1986.

■ Burner finally asserts that it was free to repudiate the 1983 Agreement under a recently decided NLRA case holding that section 8(f) pre-hire agreements may be unilaterally terminated upon expiration

of a collective bargaining agreement. *See John Deklewa & Sons*, 282 N.L.R.B. No. 184, 124 L.R.R.M. 1186 (1987). To the contrary, interest arbitration clauses survive the expiration of a collective bargaining agreement. *See Hotel & Restaurant Employees, and Bartenders Union, Local 703 v. Williams*, 752 F.2d 1476, 1479 (9th Cir. 1985); *Sheet Metal Workers' Int'l Ass'n Local Union No. 420 v. Huggins Sheet Metal, Inc.*, 752 F.2d 1473, 1476 (9th Cir. 1985). The fact that the NLRB declined to find that Burner had a statutory duty to bargain under the 1983 Agreement did not eliminate Burner's contractual obligations. We recently rejected the argument that contractual interest arbitration obligations are canceled by the absence of a statutory duty to bargain. *See American Metal Prod., Inc. v. Sheet Metal Workers Local 104*, 794 F.2d 1452, 1455 (9th Cir.1986). In this case, the NLRB explicitly reserved the potential contract claim in dismissing the unfair labor practices charge against Burner. Whether or not this court adopts the *Deklewa* standard, *see Mesa Verde Const. v. Northern Cal. Dist. Council of Labor*, 820 F.2d 1006, 1013 (9th Cir.), *petition for rehearing en banc granted*, 832 F.2d 1164 (1987), we agree with the district court that Burner was not entitled to repudiate unilaterally the 1983 Agreement as a matter of contract.

The request for sanctions is denied.

AFFIRMED.