**INTERNATIONAL SHIPPING AGENCY, INC., et als., Petitioner,**

v.

**UNION EMPLEADOS DE MUELLES DE PUERTO RICO, AFL–CIO, Local 1901, ILA, Respondent.**

**Civil No. 07–1557 (DRD/BJM).**

United States District Court, D. Puerto Rico.

March 31, 2008.

Antonio M. Cuevas–Delgado, Lisabel M. Rodriguez–Espinosa, Cuevas Kuinlam & Bermudez, San Juan, PR, for Petitioner.

Juan H. Saavedra–Castro, Juan H. Saavedra Castro Law Office, San Juan, PR, for Respondent.

### OPINION AND ORDER

DANIEL R. DOMINGUEZ, District Judge.

Pending before the court is Respondent's *Motion for Summary Judgment* (Docket No. 3), Petitioner's *Response in Opposition to Respondent's Motion for Summary Judgment and Cross Motion for Summary Judgment* (Docket No. 9), Respondent's *Response to Petitioner's Motion for Summary Judgment* (Docket No. 20), and Petitioner's *Reply to Union's Response to Petitioners Motion for Summary Judgment* (Docket No. 26).

On October 17, 2007, the Court referred the pending motions to Magistrate Judge Bruce J. Mc Giverin (Docket No. 27) and on February 27, 2008, Magistrate Judge Mc Giverin, entered a *Report and Recommendation* (Docket No. 29). The Magistrate Judge recommended that Petitioner's *Response in Opposition to Respondent's Motion for Summary Judgment and Cross Motion for Summary Judgment* (Docket No. 9), be **DENIED,** that the instant case be **DISMISSED** for lack of jurisdiction and **REMANDED** to the arbitrator for further proceedings on the merits. Consequently, on March 11, 2008, Petitioner filed its Objections to the Magistrate Judge's Report and Recommendation (Docket No. 30). For the reasons stated below, the Court **ACCEPTS, ADOPTS and INCORPORATES** by reference, the Magistrate's *Report and Recommendation* (Docket No. 29), to the instant Order.

## I. STANDARD OF REVIEW

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); FED. R.CIV.P. 72(b); Rule 72(a), Local Rules, District of Puerto Rico. See *Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). An adversely affected party may contest the Magistrate's report and recommendation by filing its objections within ten (10) days after being served a copy thereof. See Local Rule 72(d); FED.R.CIV.P. 72(b). Moreover, 28 U.S.C. § 636(b)(1) (1993), in pertinent part, provides that:

> Within ten days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

(Emphasis ours).

■ If no objections are filed against a Magistrate Judge's Report and Recommendation, the Court, in order to accept the unopposed R & R, needs only satisfy itself by ascertaining that there is no "plain error" on the face of the record. See *Douglass v. United Servs. Auto, Ass'n,* 79 F.3d 1415, 1419 (5th Cir., 1996)(en banc)(extending the deferential "plain error" standard of review to the unobjected legal conclusions of a magistrate judge); *Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir., 1982)(en banc)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for

"plain error"); *Nogueras–Cartagena v. United States,* 172 F.Supp.2d 296, 305 (D.P.R., 2001)("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED.R.CIV.P. 72(b)); *Garcia v. I.N.S.,* 733 F.Supp. 1554, 1555 (M.D.Pa., 1990)("when no objections are filed, the district court need only review the record for plain error").

■■■■ "Absent objection, . . . [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir. 1985), cert. denied, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985)(emphasis ours). Moreover, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded on appeal." *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir., 1992). See also *Sands v. Ridefilm Corp.,* 212 F.3d 657, 663 (1st Cir.2000); *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–151 (1st Cir.1994)(holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); *Lewry v. Town of Standish,* 984 F.2d 25, 27 (1st Cir.1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *Keating v. Secretary of H.H.S.,* 848 F.2d 271, 275 (1st Cir.1988); *Borden v. Secretary of H.H.S.,* 836 F.2d 4, 6 (1st Cir., 1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised"). See also *United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986);

*Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980).

■■■■ Since Petitioner has timely objected (Docket No. 30), we are required to review those objected matters **de novo.** 28 U.S.C. § 636(b)(1); *Borden v. Secretary of H.H.S.,* 836 F.2d at 6.

## II. Summary Judgment Standard

■■■■ Summary judgment is **appropriate** when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." *Vega–Rodriguez v. Puerto Rico Tel. Co.,* 110 F.3d 174, 178 (1st Cir., 1997). After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." *Cortés–Irizarry v. Corporación Insular,* 111 F.3d 184, 187 (1st Cir., 1997). A fact will be deemed "material" if it potentially could affect the outcome of the suit. *Id.* Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Id.*

■■■■ Local Rule 56 for the District of Puerto Rico, clearly states that if a party fails to oppose a motion for summary judgment "[a]ll material facts set forth in the statement required to be served by the moving party shall be deemed to be admitted." Local Rule 56. This does not mean,

however, that summary judgment will be granted automatically, just because the defendant failed to file an opposition. *Méndez v. Banco Popular de Puerto Rico,* 900 F.2d 4, 7 (1st Cir.1990). "If the adverse party does not so respond, summary judgment, **if appropriate,** shall be entered against the adverse party." Fed.R.Civ. P.56 (e); *see also NEPSK, Inc. v. Town of Houlton,* 283 F.3d 1, 7–8 (1st Cir.2002) (*Emphasis added* ). Although summary judgment is not granted automatically "the non-moving party does waive the right to object to the material facts set forth by the movant." *Feliciano Rivera v. Medical & Geriatric Admin. Serv.,* 254 F.Supp.2d 237, 239 (D.P.R., 2003). However, notwithstanding that there is no opposition to a summary judgment, or counter summary judgment request, the Court must entertain the motion on the merits and may not grant the same as a sanction even if there is no opposition on file. *De la Vega v. San Juan Star,* 377 F.3d 111 (1st Cir.2004).

### III. Analysis

After reviewing all of the pending motions and reviewing **de novo** the portions of the Magistrate Judge's Report and Recommendation to which the Petitioner has expressed objection, the Court agrees *in toto,* with the findings and recommendations made by Magistrate Judge Bruce Mc Giverin. The Court finds that after taking into consideration all of Defendant's objections, the Court has reached the same conclusions as those reached by Magistrate Judge Mc Giverin in his Report and Recommendation. The Court briefly explains and clarifies.

 The Court agrees with the Magistrate's conclusion that the arbitration award in the instant case does not amount to a final judgment because the arbitrator clearly retained jurisdiction to hear the merits of the case. Hence, this Court lacks jurisdiction to entertain Petitioner's *Complaint* (Docket No. 1).

 "It is essential for the district court's jurisdiction that the arbitrator's decision [be] final, not interlocutory." See *El Mundo Broadcasting Corp., v. United Steelworkers of America,* 116 F.3d 7, 9 (1st Cir.1997)(*emphasis ours* ).

Generally a district court may review an arbitrator's rulings pursuant to section 301 of the LMRA only after there is a final award. See *General Drivers, Warehousemen & Helpers v. Riss & Co.,* 372 U.S. 517, 519, 83 S.Ct. 789, 791, 9 L.Ed.2d 918 (1963) (per curiam); *Sheet Metal Workers Int'l Ass'n v. R.K. Burner Sheet Metal Inc.,* 859 F.2d 758, 760 (9th Cir.1988). " 'To be considered "final," an arbitration award must be intended by the arbitrator to be [a] complete determination of every issue submitted . . . .' " *Millmen Local 550 v. Wells Exterior Trim,* 828 F.2d 1373, 1376 (9th Cir.1987) (quoting *Anderson v. Norfolk & Western Ry. Co.,* 773 F.2d 880, 883 (7th Cir.1985)). Where an arbitrator retains jurisdiction in order to decide a substantive issue the parties have not yet resolved, this retention of jurisdiction "indicates that the arbitrator did not intend the award to be final." *Id.* at 1376–77.

See *Orion Pictures Corporation, v. Writers Guild of America, West. Inc.,* 946 F.2d 722, 724 (9th Cir.1991).

In the instant case, it is obvious that the arbitrator retrained jurisdiction in order to decide a substantive issue, by stating that "[t]he claim is arbitrable[, and] [i]t will be seen on the merits." *See* Docket No. 16, Exhibit 1, pg. 5. Hence, the arbitrator intended for the award not to be final. Furthermore, the Court agrees with the Magistrate's finding that even if the parties' intention was to bifurcate the arbitration in two sections, be it arbitrability first

and then the merits, this is not the type of bifurcation contemplated by the Court in *Providence Journal Co., v. Providence Newspaper Guild*, 271 F.3d 16(1st Cir. 2001). In *Providence Journal Co.*, the First Circuit Court of Appeals applied their holding *Hart Surgical, Inc., v. Ultracision, Inc.*, 244 F.3d 231 (1st Cir.2001), and stated that

> ... in an arbitration case that is bifurcated into liability and damages phases, the arbitral award with respect to liability is a final award under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., and is therefore subject to review by courts. 244 F.3d at 235. **Our holding, however, was limited to cases in which the parties, at the arbitration stage, had formally agreed to bifurcate arbitration into liability and damages phases.**

*See Id.*, at 19 (*emphasis ours* ) (*citing Hart Surgical, Inc., v. Ultracision, Inc.*, 244 F.3d 231 (1st Cir.2001)(*quoting Michaels v. Mariforum Shipping, S. A.*, 624 F.2d 411, 413–414 (2nd Cir.1980))).

Although Petitioner contends that the parties in the instant case "clearly understood that the case was to be bifurcated, resolving first the jurisdictional and procedural challenges", *see e.g.* Docket No. 30, pg. 3, the Court finds that even if the parties "understood" what the arbitrator was entertaining, said alleged "understanding" to bifurcate is not what the First Circuit envisioned in *Providence Journal Co.* The Court specifically stated that the holding "**was limited to cases in which the parties, at the arbitration stage, had formally agreed to bifurcate arbitration into liability and damages phases.**" *See Id.* (*emphasis ours* )[1]. The Court finds

that not only is instant case's record devoid of any formal agreement or in any event an informal agreement, between the parties to bifurcate arbitration, but the Petitioner's alleged "understanding" does not entail bifurcating arbitration into **liability and damages phases.** The Court further adds that there was no agreement to bifurcate the case since the Petitioner proposed a submission purely on substantive and procedural arbitration and the Respondent proposed a substantive submission. *See* Docket No. 21–5, Exhibit III, pgs. 5–6. The Court finds that the case of *Orion Pictures Corp., v. Writers Guild of America, West, Inc.*, 946 F.2d 722, 724–726 (9th Cir.1991), is persuasive since in *Orion*, one party agreed that the arbitrability was the only issue submitted to the arbitrator. Notwithstanding, the Court went on to state that "[a]n arbitrator's ruling is not final if there is a substantive task left for the arbitrator to perform in the proceeding, even if not all of the parties agree that such further action is warranted." *See Orion Pictures Corp.*, 946 F.2d at 724–725 (*emphasis ours* ); *see also* Docket No. 29, pg. 5. Furthermore, as well analyzed by the Magistrate Judge, the arbitrator stated that "[t]he claim [was] arbitrable ... [i]t will be seen on the merits." *See* Docket No. 16, Exhibit 1, pg.5 (*emphasis ours* ).

Consequently, since the Court's determination, that the arbitrators's interim award is not final and therefor not reviewable at this time, disposes of the entire action, albeit we clarify without prejudice,

> [t]he Court need not go further for it refuses to write at length to no other end than to hear its own words resonate

---

1. The Court finds that the First Circuit Court of Appeals' holding in *Providence Journal Co., v. Providence Newspaper Guild*, 271 F.3d 16(1st Cir.2001)and *Hart Surgical, Inc., v. Ul-* *tracision*, Inc., 244 F.3d 231 (1st Cir.2001), is clearly limited to cases in which the parties formally agree to bifurcate arbitration into liability and damages phases.

as to the instances alleged as errors by [the Petitioner].

Where, as here, a [Magistrate] has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate.

See Vega–Morales v. Commissioner of Social Security, 380 F.Supp.2d 54, 60 (2005)(quoting Lawton v. State Mut. Life Assu. Co. of Am., 101 F.3d 218, 220 (1st Cir.1996); and In re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir.1993))

## IV. Conclusion

For the reasons stated above, the Court **ACCEPTS, ADOPTS and INCORPORATES** by reference, the Magistrate's *Report and Recommendation* (Docket No. 29), to the instant Order. Consequently, Petitioner's *Response in Opposition to Respondent's Motion for Summary Judgment and Cross Motion for Summary Judgment* (Docket No. 9), is hereby **DENIED** as premature. Furthermore, for the reasons stated in the Magistrate Judge's *Report and Recommendation* (Docket No. 29, pg. 2 FN. 1), Respondent's *Motion for Summary Judgment* (Docket No. 3), is hereby found as **MOOT**. Hence, the instant case is hereby **DISMISSED without PREJUDICE** for lack of jurisdiction and **REMANDED** to the arbitrator for further proceedings on the merits.[2] Judgment of Dismissal is to be entered accordingly.

**IT IS SO ORDERED.**

2. The dismissal is without prejudice since the Court is holding in the instant case that the decision of the arbitrator on arbitrability is not a final decision and hence the challenge is premature. Hence, Plaintiff retains for another date, should it be necessary, all claims relating to lack of compliance with procedural or substantive arbitrability (Procedural arbitrability decisions belong to arbitrators and enjoy deferential standards. *John Wiley & Sons, Inc., v. Livingston*, 376 U.S. 543, 557, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); El Kouri & El Kouri, 4th Ed. N.B.A., pg. 215 (1985). However, as to substantive arbitrability that is "whether or not [a party is] bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the Court." *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 241, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962)). The Plaintiff further retains its argument that the instant case is not procedurally arbitrable based on allegations that this case does not present a continuous violation. The Court hints no determination as to the compliance with procedural or substantive arbitrability nor as to the case on the merits.