**Electronically Filed
Intermediate Court of Appeals
28813
17-NOV-2010
09:13 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---


In the Matter of the Arbitration Between,

UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO,
Union-Appellee,
v.
CITY AND COUNTY OF HONOLULU (class griev
re: misinterpretation of Sec. 37.06 for use
of sick leave credits); Sec. 1, 11, 14, 37,
58, 64; Unit 1; CU-06-05 and Sec. 1, 11,
14, 37, 58, 66; Unit 10; CU-06-06; 2006-023,
Employer-Appellant


NO. 28813


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 06-1-0276)


NOVEMBER 17, 2010


FOLEY, PRESIDING J., FUJISE AND LEONARD, JJ.


OPINION OF THE COURT BY FOLEY, PRESIDING J.


        Employer-Appellant City and County of Honolulu (the
City) appeals from the Judgment filed on September 28, 2007 in
the Circuit Court of the First Circuit (circuit court).[1]  The

------------------------------

        [1]  The Honorable Victoria S. Marks presided.

circuit court entered judgment in favor of Union-Appellee United Public Workers, AFSCME, Local 646, AFL-CIO (UPW) and against the City pursuant to the "Order Granting Motion to Confirm Decision and Award by Arbitrator Keith Hunter Dated July 26, 2007, Filed on August 9, 2007" (Order Granting Motion to Confirm Arbitration) filed on September 28, 2007.

The Order Granting Motion to Confirm Arbitration provides in relevant part:

> 1. The July 26, 2007 determination by Arbitrator Keith Hunter on the arbitrability of the class action grievances filed by [UPW] constitutes a pre-award ruling rendered in accordance with Section 658A-18, Hawaii Revised Statutes (HRS). Notice of the award was provided to each party to the arbitration proceeding on or about July 26, 2007.
>
> 2. As the prevailing party [UPW], on August 9, 2007 filed a motion to confirm the July 26, 2007 "decision and award" under Sections 658A-22, HRS, and 658A-25, HRS.
>
> 3. Under Section 658A-18, HRS, the Court shall issue an expedited order confirming the award unless it vacates, modifies, or corrects the award under Sections 658A-23 or 658A-24, HRS. Accordingly, the July 26, 2007 pre-award ruling is hereby confirmed.
>
> 4. Consistent with the foregoing and in accordance with Section 658A-25(a), HRS, a judgment in favor of [UPW] shall be entered.

On appeal, the City argues that the circuit court erred by confirming the Arbitrator's pre-award ruling on arbitrability when (1) UPW did not ask the arbitrator to incorporate the ruling into an award, pursuant to HRS § 658A-19 (Supp. 2009), and (2) the 90-day period in which the City could have moved to vacate the "award" under HRS § 658A-23 (Supp. 2009) had not run. The City asks this court to reverse the Order Granting Motion to Confirm Arbitration and the Judgment.

### I.

This appeal arises from two class action grievances[2] filed by UPW, in which UPW alleged that the City had violated portions of the parties' collective bargaining agreements. The City's Director of Human Resources denied both grievances. UPW

---

[2] UPW's grievances were filed in grievance case numbers CU-06-05 and CU-06-06, which were consolidated for arbitration by the circuit court on October 6, 2006.

and the City agreed to arbitrate the grievances pursuant to provisions in the parties' collective bargaining agreements. The circuit court ordered both grievances to be arbitrated by Keith Hunter (the Arbitrator).

At some point, the City contested the arbitrability of the grievances, and the Arbitrator held a hearing on the issue. The Arbitrator issued "Arbitrator's Determination on the Issue of Arbitrability" (the Arbitrator's Determination), in which the Arbitrator found and concluded "that the class grievance is arbitrable on its merits and this matter shall proceed to further arbitration for a determination on the merits of the class grievance."

On August 9, 2007, UPW filed a "Motion to Confirm Decision and Award by Arbitrator Keith Hunter Dated July 26, 2007" (Motion to Confirm Arbitration). The circuit court filed its Order Granting Motion to Confirm Arbitration and Judgment on September 28, 2007. The City timely appealed.

## II.

### A.    Appellate Jurisdiction

> It is axiomatic that we are "under an obligation to ensure that we have jurisdiction to hear and determine each case and to dismiss an appeal on our own motion where we conclude we lack jurisdiction." *BDM, Inc. v. Sageco, Inc.*, 57 Haw. 73, 73, 549 P.2d 1147, 1148 (1976). "When we perceive a jurisdictional defect in an appeal, we must, *sua sponte,* dismiss that appeal." *Familian Northwest, Inc. v. Cent. Pac. Boiler & Piping, Ltd.*, 68 Haw. 368, 369, 714 P.2d 936, 937 (1986).

Brooks v. Dana Nance & Co., 113 Hawai'i 406, 412, 153 P.3d 1091, 1097 (2007) (brackets omitted) (quoting Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986)).

### B.    Statutory Interpretation

> Questions of statutory interpretation are questions of law to be reviewed *de novo* under the right/wrong standard.
>
> Our statutory construction is guided by the following well established principles:
>
>> our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.

3

> When there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.
>
> In construing an ambiguous statute, the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning. Moreover, the courts may resort to extrinsic aids in determining legislative intent. One avenue is the use of legislative history as an interpretive tool.
>
> [The appellate] court may also consider the reason and spirit of the law, and the cause which induced the legislature to enact it to discover its true meaning.

Lingle v. Hawai'i Gov't Employees Ass'n, AFSCME, Local 152, AFL-CIO, 107 Hawai'i 178, 183, 111 P.3d 587, 592 (2005) (internal quotation marks, brackets in original, and ellipses omitted) (quoting Guth v. Freeland, 96 Hawai'i 147, 149-50, 28 P.3d 982, 984-85 (2001)).

### III.

HRS § 658A-28(a) (Supp. 2009) provides:

§658A-28 **Appeals.** (a) An appeal may be taken from:

(1) An order denying a motion to compel arbitration;

(2) An order granting a motion to stay arbitration;

(3) An order confirming or denying confirmation of an award;

(4) An order modifying or correcting an award;

(5) An order vacating an award without directing a rehearing; or

(6) A final judgment entered pursuant to this chapter.

(Emphasis added.) An issue in this case is whether the Order Granting Motion to Confirm Arbitration constitutes an "order confirming . . . an award" pursuant to HRS § 658A-28(a)(3), i.e., whether the Arbitrator's Determination is an award. This is a case of first impression in this jurisdiction.

HRS Chapter 685A does not define the phrase "arbitration award," and we can find no Hawai'i case construing the phrase. Black's Law Dictionary 147 (8th ed. 2004) defines "award" as "[a] final judgment or decision, esp. one by an arbitrator." In Coldwell Banker Manning Realty, Inc. v. Cushman & Wakefield of Connecticut, Inc., 293 Conn. 582, 980 A.2d 819

(2009), the Supreme Court of Connecticut stated that "[t]he decision rendered by the arbitrator upon the controversy submitted for arbitration constitutes the arbitration award. The principal characteristic of an arbitration award is its finality as to the matters submitted so that the rights and obligations of the parties may be definitely fixed." Id. at 594, 980 A.2d at 825-26 (internal quotation marks and citation omitted). Given these descriptions, the question becomes whether an arbitrator's decision must finally resolve all claims and parties in a case to constitute an "award."

Although it concerns a motion to vacate an arbitration award, John M. O'Quinn, P.C. v. Wood, 244 S.W.3d 549 (Tex. Ct. App. 2007), provides some guidance in deciding the issue in this case. There, various clients, as individuals and class members, brought an action against the law firm of John M. O'Quinn, P.C., et al. (O'Quinn), alleging that O'Quinn had breached contracts with the clients. Id. at 551. O'Quinn filed a motion to compel arbitration, and the trial court entered an order authorizing the arbitrator "to determine all class action issues." Id. at 551-52. The case proceeded to arbitration, and an arbitration panel certified the putative class members as a class, issuing a class determination award. Id. at 552. O'Quinn filed in the trial court a motion to vacate the arbitration panel's award. Id. The trial court denied the motion. Id. O'Quinn appealed the trial court's ruling to the Court of Appeals of Texas. Id.

The Texas appeals court held that the arbitration panel's award was not appealable:

> Unless specifically authorized by statute, Texas appellate courts may review only final orders or judgments. As a general rule, a final order or judgment is one that finally disposes of all remaining parties and claims, based on the record, regardless of its language. This rule applies whether the merits of a case will be decided in the trial court or through arbitration.
>
> Here, the order denying O'Quinn's motion to vacate disposed of only a single discrete issue in the case; it did not finally dispose of all parties and claims. Therefore, the order is interlocutory. Further, no statutory exception exists granting O'Quinn a right to appeal this interlocutory order.
> . . . .

5

> We note that the Texas General Arbitration Act ("TGAA") authorizes the appeal of a judgment or decree confirming or denying confirmation of an award. However, when considered in the context of the TGAA and its purpose, we understand the award referred to by the statute to be the final arbitration award and not merely any arbitration panel intermediate decision labeled award. . . . Because the main benefits of arbitration lie in the expedited and less expensive disposition of a dispute, we conclude that it is unlikely that the Texas Legislature intended for appellate courts to construe the TGAA as going beyond permitting appeals from judgments or decrees confirming or denying final arbitration awards.

Id. at 552-53 (internal quotation marks, citations, brackets, and footnote omitted). We agree with the Texas appeals court's reasoning in O'Quinn and similarly hold in the instant case that the Hawai'i Legislature likely intended "award" as used in HRS § 658A-28(a) to mean a "final arbitration award and not merely any arbitration . . . intermediate decision." O'Quinn, 244 S.W.3d at 553. In Hawai'i, there is a strong state interest in encouraging arbitration:

> It must be observed that "[the Hawai'i Supreme Court] has long recognized the strong public policy supporting Hawai'i's arbitration statutes as codified in HRS Chapter 658." Lee v. Heftel, 81 Hawai'i 1, 4, 911 P.2d 721, 724 (1996) (internal quotation marks and citation omitted). [The Hawai'i Supreme Court has] stated "that the proclaimed public policy of our legislature is to encourage arbitration as a means of settling differences and thereby avoid litigation." Dorrance v. Lee, 90 Hawai'i 143, 147, 976 P.2d 904, 908 (1999) (internal quotation marks and citations omitted); see also Gadd v. Kelley, 66 Haw. 431, 436, 667 P.2d 251, 255 (1983) ("'The proclaimed public policy of our legislature is to encourage arbitration as a means of settling differences and thereby avoid litigation.'" (Quoting Gregg Kendall & Assocs. v. Kauhi, 53 Haw. 88, 93, 488 P.2d 136, 141 (1971)) (other citations omitted)); Mars Constructors, Inc. v. Tropical Enters., Ltd., 51 Haw. 332, 334, 460 P.2d 317, 318-19 (1969) ("It is generally considered that parties resort to arbitration to settle disputes more expeditiously and inexpensively than by a court action . . . . Thus, it must be deemed that the primary purpose of arbitration is to avoid litigation."); In re Arbitration Between Carroll & Travis, 81 Hawai'i 264, 267, 915 P.2d 1365, 1368 (App. 1996) ("We recognize that public policy favors the resolution of disputes by arbitration.") (Citations omitted.).

Kona Village Realty, Inc. v. Sunstone Realty Partners, XIV, LLC, 123 Hawai'i 476, 489, 236 P.3d 456, 469 (2010) (brackets in original omitted). In the instant case, prohibiting a party from appealing an arbitrator's intermediate decision promotes the state's policy of encouraging arbitration.

Although it addresses whether a United States District Court had jurisdiction over the merits of a case, <u>International Shipping Agency, Inc. v. Union Empleados De Muelles De Puerto Rico, AFL-CIO, Local 1901, ILA</u>, 547 F. Supp. 2d 116 (D. Puerto Rico 2008), provides guidance on this issue as well. At some point, the case went to arbitration, <u>id.</u> at 120; the arbitrator determined that the underlying claim was arbitrable and would be arbitrated on the merits, <u>id.</u>; International Shipping Agency, Inc., et al. (International Shipping) opposed the arbitrator's determination, <u>id.</u> at 121; and Union Empleados De Muelles De Puerto Rico, AFL-CIO, Local 1901, ILA (Union) filed a motion for summary judgment and the parties filed related pleadings, <u>id.</u> at 118. The United States District Court for the District of Puerto Rico (District Court) referred the summary judgment pleadings to a magistrate judge, who concluded that the arbitration award did not amount to a final judgment because the arbitrator clearly retained jurisdiction to hear the merits of the case and recommended that the case be dismissed and remanded to the arbitrator for further proceedings on the merits. <u>Id.</u> at 118 & 120. International Shipping objected to the magistrate judge's recommendation. <u>Id.</u> at 120.

On appeal, the District Court agreed with the magistrate judge's recommendation and held that the District Court lacked jurisdiction to entertain International Shipping's complaint. <u>Id.</u> The District Court stated:

> It is essential for the district court's jurisdiction that the arbitrator's decision be final, not interlocutory.
>
> Generally a district court may review an arbitrator's rulings . . . only after there is a final award. To be considered final, an arbitration award must be intended by the arbitrator to be a complete determination of every issue submitted. Where an arbitrator retains jurisdiction in order to decide a substantive issue the parties have not yet resolved, this retention of jurisdiction indicates that the arbitrator did not intend the award to be final.

<u>Id.</u> (internal quotation marks, citations, brackets, and ellipsis in original omitted). Similarly, in the instant case, the Arbitrator explicitly retained jurisdiction to decide the merits of the case. In the Arbitrator's Determination, the Arbitrator stated: "I hereby find and conclude that the class grievance is

arbitrable on its merits and this matter shall proceed to further arbitration for a determination on the merits of the class grievance."

Given the foregoing, we hold that the Arbitrator's Determination in this case was not an "award" pursuant to HRS § 658A-28(a)(3). Consequently, we may not review the instant appeal from the Order Granting Motion to Confirm Arbitration because the order is unappealable pursuant to HRS § 658A-28(a)(3).[3]

## IV.

The appeal in this case is dismissed for lack of appellate jurisdiction.

On the briefs:

John S. Mukai,
Keaookalani Mattos,
Deputies Corporation Counsel,
City and County of Honolulu,
for Employer-Appellant.

Herbert R. Takahashi,
Danny J. Vasconcellos,
Rebecca L. Covert
(Takahashi Vasconcellos &
 Covert)
for Union-Appellee.

---

[3] The Arbitrator's Determination may, however, be reviewed in conjunction with a review of any final award.