USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 96-2211 EL MUNDO BROADCASTING CORPORATION, Plaintiff, Appellee, v. UNITED STEELWORKERS OF AMERICA, AFL-CIO CLC, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen C. Cerezo, U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ Aldrich, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ David R. Jury, Assistant General Counsel, United Steelworkers of _____________ America, with whom Hilary E. Ball-Walker and Cooper, Mitch, Crawford, ______________________ ________________________ Kuykendall & Whatley were on brief for appellant. ____________________ Luis D. Ortiz Abreu with whom Frances R. Colon Rivera and Goldman ___________________ ________________________ _______ Antonetti & Cordova were on brief for appellee. ___________________ ____________________ June 2, 1997 ____________________ ALDRICH, Senior Circuit Judge. The United _______________________ Steelworkers of America, AFL-CIO CLC (the "Union") appeals from an order of the district court granting summary judgment to appellee El Mundo Broadcasting Corporation ("El Mundo"), vacating an arbitration award in favor of the Union. It also appeals the court's denial of its cross motion for summary judgment to enforce the award. We affirm. I. Background __________ This cases arises from the Union's attempt to proceed on a grievance covered under a collective bargaining agreement (the "CBA") between the Union and El Mundo and in effect from September 1991 through September 16, 1994. Section XLV of the CBA describes the grievance procedure as follows: Sec. 1 - The contracting parties shall follow the following procedure to settle on complaints, disputes or grievances related to the construction of this bargaining agreement which arise between both: First Step: The complaining employee shall take his/her case directly to or through the shop steward in his/her department to grievant's immediate supervisor within three (3) days after the occurrence of the act or action which gave rise to the complaint or claim. The supervisor shall have up to two (2) days to rule on the case, and must immediately notify the shop steward, or the grievant, in writing, of his/her decision. Second Step: If the solution at the First Step is unsatisfactory to the grievant, he/she, on his/her own or -2- through the shop steward, within three (3) days of being notified of the decision at the First Step, may bring the case to the head of the department where the employee works, who shall have up to two (2) days to rule on the matter submitted, and must notify in writing the grievant or shop steward of his/her decision, within the period specified herein. Third Step: If there is no solution satisfactory to the parties at the Second Step, the grievant or the shop steward, may submit the case in writing, no later than three (3) days after being given the decision in the Second Step, to the Grievance Committee which is created hereinbelow . . . . b) The Grievance Committee shall hear and see the testimonial and documentary evidence submitted by the parties and shall make its decision, based on all of the evidence within ten (10) days from the date on which the case is submitted to it . . . . Sec. 3 - Arbitration: No later than ten (10) days from the date on which the decision is issued by the Grievance Committee, either of the parties may bring its case before an arbitrator . . . the parties shall have the opportunity to present their case once more before the arbitrator, who in his/her decision must adhere to the terms of this Bargaining Agreement and to the submission being submitted to him . . . . In November 1992, a full-time editor position became available. El Mundo did not post the position as required under the CBA. On December 9, 1992, the Union received a "personnel action" advising it that El Mundo had given the editor position to one Sandra Lopez effective -3- November 23, 1992. On December 16, Juan Villalongo ("Villalongo"), President of Local 9314, sent a letter to Jose Mendoza ("Mendoza"), El Mundo's personnel manager, alleging that El Mundo had violated the CBA by failing to post the editor position and to consider two other employees with greater seniority than Lopez. On January 5, 1993, Mendoza replied to Villalongo, denying the Union's allegations and reminding him of a meeting the previous November where Villalongo had not objected when Mendoza suggested eliminating the posting process and giving the editor position to Lopez, in effect agreeing through his silence. Villalongo did not respond. Nothing further happened until March 8, 1993 when the Union sent Mendoza a "Grievance Report." El Mundo's response was that the grievance was not arbitrable because the Union had failed to comply with the procedures and time limits for filing a grievance under the CBA. On March 19, 1993, not having complied with the Second Step, the Union filed a petition for the designation of an arbitrator with the Bureau of Conciliation and Arbitration. Boiled down, we note five presently significant matters. First, Section 1 provides, "[t]he contracting parties shall follow the following procedure. . . ." ______________ (Emphasis ours.) Second, all time requirements are notably firm and short. Third, the complaining employee "shall take ______________ __________ -4- his/her case" to the employer's attention "within three (3) ________________ days after the occurrence." Fourth, within three days after __________________________ an employer decision the dissatisfied party may submit to the Grievance Committee. Fifth, the only provision for bringing the "case before an arbitrator" is (Sec. 3), "no later than ten (10) days from the date on which the decision is issued by the Grievance Committee." Item third was done too late, unless this grievance was a new grievance, occurring every day. The fourth was not done, ever. The fifth did not occur unless seeking an arbitrator before a Grievance Committee decision qualifies as ______ "no later than ten days from the date on which the decision is issued." This was waived, however, on the issue of procedural arbitrability, by El Mundo's specific submission, leaving procedure, to the degree open under the agreement, to the arbitrator. John Wiley & Sons, Inc. v. Livingston, 376 ________________________ __________ U.S. 543, 557-58 (1964). II. The Arbitration _______________ A. Introduction ____________ The parties were unable to agree on the question to be submitted. Accordingly, each provided the arbitrator with its own version of the question. The Union's petition described the issue to be arbitrated as: The Company['s] grant[ing of] the job vacancy of Editor, without its being posted for the information of the interested employees, to an employee with -5- less seniority, there being personnel with more seniority and equally able to perform it, among them the injured party. The petition repeated El Mundo's response, which was, simply, that the case was not arbitrable. The arbitrator, purporting to rely upon local rules when the matter to be decided had not been agreed on, said, in his award, that the question was: [W]hether the grievance is arbitrable or not in its procedural aspect. Should he/she decide in the negative the grievance shall be dismissed. Should he/she rule that it is arbitrable, he/she shall issue the remedy. Pausing here, there was a basic question facing the district court. B. Finality ________ It is essential for the district court's jurisdiction that the arbitrator's decision was final, not interlocutory. See, e.g., Local 36, Sheetmetal Workers Int'l _________ __________________________________ v. Pevely Sheetmetal Co., 951 F.2d 947, 949-50 (8th Cir. ______________________ 1992); Orion Pictures Corp. v. Writers Guild of Am. W., Inc., ____________________ _____________________________ 946 F.2d 722, 724 (9th Cir. 1991). We start by what was before him. The arbitrator heard testimony from Mendoza on behalf of El Mundo and received into evidence copies of documents he provided. Along with the correspondence between Mendoza and Villalongo, El Mundo provided the arbitrator with -6- copies of two earlier arbitration awards arising from similar belated circumstances and finding in favor of El Mundo based on the Union's failure to proceed timely with grievances. The Union provided no testimony and no documentation, and, apparently, only half-heartedly attempted to justify its failure to adhere to the CBA time limits. The arbitrator's view of the issue, ante, we read ____ to be, (1) the arbitrator will determine whether, under the agreement, the grievance was arbitrable, viz., timely. (2) If not arbitrable, he would order it dismissed. (3) If arbitrable, he shall order "the remedy." As to this last, with neither party presenting evidence on the merits, we consider the only remedy open was an order to follow the grievance procedure. The award was as follows: [W]e find that the grievance is arbitrable in its procedural aspect, since it is of a continuous nature. Discussion of the grievance is ordered at the third step of the procedure for Grievances. We consider that since this matter has already been discussed with the Personnel Manager, it would [sic] a futile exercise to go back to the first two steps of the procedure. If the grievance has to be ruled upon on its merits by this arbitrator, the claim, if it is in order, shall be retroactive to March 8, 1993, the date on which the Union filed the document "Grievance Report." -7- In finding jurisdiction without discussion, the district court assumed this to be a final order. Even more to the point, the Union, representing the grievant, in its pleading specifically so stated: 2. The subject matter at issue has been arbitrated, and a final award which is binding between the parties, under the terms and conditions of the CBA and/or applicable law, has been issued. The Union is bound by its pleading.1 III. Analysis ________ A. Is the Award Reviewable? ________________________ In general, even final and binding arbitration awards are not subject to judicial review. See General ___ _______ Drivers, Warehousemen & Helpers, Local 89 v. Riss & Co., 372 __________________________________________ __________ U.S. 517, 519 (1963); United Steelworkers v. Enterprise Wheel ___________________ ________________ & Car Corp., 363 U.S. 593, 596 (1960). In United _____________ ______ Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. __________________________________ ___________ 29, 38 (1987), the Court said, "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is  ____________________ 1. While unnecessary under the circumstances, we deal briefly with the argument that the arbitrator's third paragraph was a retention of jurisdiction. Third Step, the processing by the Grievance Committee, is a proceeding all by itself. A disappointed party may subsequently seek arbitration, but it would be a choice, a new proceeding, not preordained. We regard the arbitrator's statement as to the date the grievance should begin to be merely a spelling out of the interpretation on which he based his finding that the claim was a day to day claim arising daily. It had no independent consequences. -8- convinced he committed serious error does not suffice to overturn his decision." At the same time the Court stated that "the arbitrator's award settling a dispute with respect to the interpretation or application of a labor agreement must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice."2 If the arbitrator fails to meet this standard, "courts have no choice but to refuse enforcement of the award." Enterprise Wheel, 363 U.S. at 597. We feel that in the ________________ present case this admittedly, extremely narrow exception, exists because the arbitrator enlarged the agreement and exceeded his authority under the CBA. B. Was There a Continuing Violation? _________________________________ To comply with grievant's "obligation to file promptly or lose his claim," Sabree v. United Bhd. of ______ _______________ Carpenters & Joiners Local No. 33, 921 F.2d 396, 402 (1st ___________________________________ Cir. 1990), the arbitrator found that the claim "is of a continuous nature;" "arises and is renewed from day to day." For this he cited arbitration decisions where an employer  ____________________ 2. We have found there may be critical distinctions between Misco and claims which may be made in other cases. In Misco, _____ _____ "[t]he specific issue was whether, under the contract, the arbitrator could limit the evidence before him to the evidence that had been before the employer at the time of discharge . . . a matter on which the contract was silent." S.D. Warren Co. v. United Paperworkers' Int'l Union, AFL-CIO, _______________ __________________________________________ Local 1069, 846 F.2d 827, 828 (1st Cir. 1988) (setting aside ___________ arbitrator's determination under Misco as unsupported by the _____ essence of the agreement.) -9- changed a rate of pay or work diminishing or depriving employees of daily pay.3 The daily failure to pay was the direct "act or action." The act or occurrence here was the naming of a person to the editorship. Pay was not the act, but was merely one of its consequences. This is of logical and practical significance. In the ordinary case of loss of pay, or of work, the matter can be remedied in due course, as of the date of a late grievance, if it still continued, without prejudicing the employer. A belated order that a grievant should oust an incumbent of a special office requiring posting and have her position, disturbs settled order. If recognized simply to the extent of giving the grievant the increased salary, it will be paying her for work she is not doing, and doubles the employer's costs. The appointment of an editor is a specific occurrence. Clearly an employer has a right to have an appointment settled at the outset, and require that an employee claiming loss of it complain promptly, and not be  ____________________ 3. Quaker State Refining Corp., 78 LA 1328 (1982) ________________________________ (continuing violation from loss of pay through union's failure to object to erroneous designation of seniority); Lockheed Missiles & Space Co., 61 LA 90 (1972) (employer _______________________________ farmed out work to non-union employees); Sears, Roebuck & _________________ Co., 39 LA 567 (1962) (reduction in commission and loss of ___ pay raise). The arbitrator did not mention, if only as shop procedure, two similar cases, but where El Mundo prevailed. See In re Judith Borunet, Case No. A-1320 (1989); In re Ramon ___ ____________________ ___________ Viscarrondo and Luis Enrique Marrero, Case No. A-2250 (1983). ____________________________________ -10- allowed to wait until such time as serves his/her convenience. The arbitrator's purported logic and treatment of plain language has rejected this right. By misstating the basic nature of the occurrence the arbitrator read the time provisions out of the contract, ignoring its "essence." Paperworkers, ante. We affirm the rulings of the district ____________ ____ court. -11-