Aoki v. FMT Corp.                    CV-96-042-JD  02/03/99
                UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE

Aoki Technical Laboratories, Inc.

       v.                          Civil No. 96-042-JD

FMT Corporation


                          O R D E R


     FMT objects to a declaration by Emery I. Valyi submitted by
Aoki in support of summary judgment (document no. 212).  Aoki
objects to all fifteen declarations submitted by FMT in support
of its opposition to summary judgment (document no. 216).  The
parties' evidentiary issues are resolved as follows.


                         Discussion

     Pursuant to Federal Rule of Civil Procedure 56(e),
"[s]upporting and opposing affidavits shall be made on personal
knowledge, shall set forth such facts as would be admissible in
evidence, and shall show affirmatively that the affiant is
competent to testify to the matters stated therein."  Statements
in affidavits based on information and belief rather than
personal knowledge are not entitled to weight in the context of
summary judgment.  Cadle Co. v. Hayes, 116 F.3d 957, 961 (1st
Cir. 1997).  In addition, a party opposing summary judgment
cannot create a factual issue by submitting an affidavit that

directly contradicts the affiant's previous sworn testimony without providing a satisfactory explanation for the change. Colantuoni v. Alfred Calcagni & Sons, 44 F.3d 1, 45 (1st Cir. 1994).

The objecting party must specify the objectionable portions of an affidavit and grounds for excluding those portions from consideration. Casas Office Machs. v. Mita Copystar America, 42 F.3d 668, 682 (1st Cir. 1994). Objections to an affidavit that are not raised are deemed waived, so that any parts of an affidavit not subject to specific objections may be considered for purposes of deciding summary judgment. Id. In general, courts are more indulgent of affidavits submitted in opposition to summary judgment in keeping with the standard that all reasonable inferences are to be drawn in the nonmovant's favor. 10A Charles Wright, et al., Federal Practice and Procedure § 2738 at 373 (1998).

A. FMT's Objection to Declaration by Emery I. Valyi

FMT objects to the declaration of Emery Valyi, submitted by Aoki in support of summary judgment, on grounds that because Valyi is now deceased, his declaration is hearsay and inadmissible. See Fed. R. Civ. P. 56(e). In response, Aoki argues that Valyi's declaration falls within the residual

2

exception to the hearsay rule provided in Federal Rule of Evidence 807.  FMT has not addressed the application of Rule 807.

Rule 807, a recodification of Rule 804(b)(5), provides an exception to the hearsay rule for evidence not covered by other exceptions if three factors are met:

> . . . (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will be best served by admission of the statement into evidence.

Fed. R. Evid. 807.  The first two factors, subparts A and B, interpreted in the context of Rule 804(b)(5), require that the challenged statement be offered as evidence of a material fact, not that it be a material fact itself, and that the statement be more probative of the point of evidence for which it is offered, not more probative of the material fact, than any other reasonably available evidence.  United States v. Sposito, 106 F.3d 1042, 1047 (1st Cir. 1997).  The third factor, subpart C, requires policy considerations in light of the exception's purposes:

> 1. To provide sufficient flexibility to permit the courts to deal with new and unanticipated situations.
> 2. To preserve the integrity of the specifically enumerated exceptions.
> 3. To facilitate the basic purpose of the Federal Rules of Evidence: truth ascertainment and fair adjudication of controversies.

3

Id. at 1048 (quoting 11 Moore's Federal Practice § 803(24)[7](2d ed. 1994 & Supp. 1996-97)). Taken in light of cases interpreting Rule 804(b)(5), the residual exception allowed by Rule 807, is to be used sparingly, however, not as a routine exception. See, e.g., Colasanto v. Life Ins. Co. of North America, 100 F.3d 203, 213 (1st Cir. 1996); Brookover v. Mary Hitchcock Memorial Hosp., 893 F.2d 411, 419 (1st Cir. 1990).

In his declaration, dated May 18, 1996, Emery Valyi said that he was a consulting engineer in the field of industrial machines and that he had over 150 patents including many related to plastic molding machinery. He said that during the 1970's he employed engineers for designing injection, blow, and stretch molding machinery using parisons based on his patents. Valyi gave his opinion about what engineers skilled in the art in the 1970's knew about stretch blow molding for plastic parisons. He recalled attending the 1976 National Plastics Exposition trade show in Chicago, Illinois, and inspecting a "single-stage" injection stretch blow molding machine in operation at the Nissei Plastics display.

As Aoki contends, Valyi's declaration statements provide evidence about the public use of the Nissei Plastics' machine at the 1976 show. Public use of the machine is material to the issue of whether FMT's patents at issue in this case are invalid

4

under 35 U.S.C.A. § 102(b). As to the second factor, Aoki states in a conclusory and circular fashion that Valyi's declaration is more probative of what he saw at the show than other evidence that Aoki could procure through reasonable efforts. Since FMT does not contest the application of Rule 807, Aoki's assertion is unchallenged. The policy considerations are met, according to Aoki, because Valyi's knowledge and memory of the 1976 show will help to ascertain the truth.

FMT objects that it did not have an opportunity to question or cross examine Valyi leaving his declaration statements untested. Aoki argues that Valyi's testimony, nevertheless, has sufficient guarantees of trustworthiness to be permitted. Aoki points to the fact that the declaration was made under penalty of perjury and that Valyi was a disinterested witness with no connection to the litigation. Aoki also contends that FMT had notice of its intent to use the statement as required by Rule 807, and FMT did not contest notice.

Although Aoki's presentation on behalf of the Valyi declaration is somewhat less than compelling, FMT has not objected to the application of Rule 807 to permit consideration of the declaration. Based on all the circumstances, and particularly in light of the fact that Aoki has represented that Valyi was not an interested witness, his declaration will be

5

admissible for purposes of summary judgment. This ruling will not affect whether the declaration would be admissible, if offered, in other contexts such as at trial.

    B. <u>Aoki's Objection to All Declarations Submitted by FMT</u>

Aoki raises a variety of general objections to the declarations submitted by FMT and also challenges particular statements in the declarations. Only specific objections are cognizable under Rule 56(e). <u>See</u> <u>Casas Office Machines</u>, 42 F.3d at 682. For that reason, Aoki's broad challenges aimed at all of FMT's supporting evidence and alleging a general failure to comply with Rule 56(e), failure to show personal knowledge, lack of facts that would be admissible in evidence, failure to demonstrate declarants' competence, and submission of "sham" declarations are not sufficiently specific to permit evaluation of particular statements offered in opposition to Aoki's motion for summary judgment. Aoki's appropriate specific objections are noted and will be taken into consideration in light of the applicable standards in the course of addressing Aoki's motion. Two other issues raised in Aoki's motion are resolved as follows.

    1. <u>Declaration of Theodore A. Breiner (FMT Ex. 15)</u>

Theodore Breiner is trial counsel for FMT in this case. Paragraphs 1 and 2 explain Breiner's connection to the case and

6

the reasons for the declaration.  Aoki objects to the entire declaration as lacking any basis for Breiner's personal knowledge of the matters stated.  Since the declaration explains Breiner's relationship to the case, Aoki's general objection to Breiner's lack of personal knowledge about whether exhibits are true and accurate copies of particular documents is unclear.

Aoki also objects specifically to paragraphs 10, and 16 through 18.  Paragraph 10 says that two of FMT's exhibits are true and accurate copies of the findings and conclusions of the special master in FMT Corp. v. Constar Plastics, Inc., No. 1:91-CV-3148-GET (N.D. Ga. filed Dec. 1991).  In paragraph 16, Breiner says that during the Takeuchi deposition in December of 1992, Aoki designated the transcript confidential pursuant to a protective order in the Constar case.  In paragraph 17, Breiner summarizes proceedings on summary judgment in the Constar case.  In paragraph 18, Breiner says he has read and compared exhibits from Takeuchi's deposition in the Constar case and Takeuchi's declaration in this case and lists exhibits from Takeuchi's declaration that he says were confidential exhibits in the Constar deposition.

To the extent Aoki objects to Breiner's interpretation of the Constar litigation, the objection is noted.  Decisions and documents from previous litigation speak for themselves, and

7

counsel's interpretations and argument presented in a declaration are disregarded.  Aoki has not established that Breiner's personal knowledge, based on his participation in the <u>Constar</u> litigation, of the particular documents he references and attaches to his declaration is insufficient under Rule 56(e) to allow the exhibits.

## 2.  <u>Payments to Fact Witnesses</u>

Aoki contends, based on deposition testimony of three witnesses who provided declarations which FMT has submitted in opposition to summary judgment, that FMT is compensating its fact witnesses in violation of Professional Conduct Rule 3.4(b).[1]  <u>See</u> N.H. Rules of Prof. Conduct 3.4(b).  Rule 3.4(b), which provides that a lawyer shall not, among other things, "offer an inducement to a witness that is prohibited by law," has been interpreted to preclude payments or compensation to fact witnesses.  <u>See, e.g.</u>, <u>Golden Door Jewelry v. Lloyds Underwriters</u>, 117 F.3d 1328, 1335 n.2 (11th Cir. 1997).  Issues pertaining to compensation of fact witnesses have also arisen in other jurisdictions.  <u>See</u> <u>United</u>

---

[1]Aoki contends that four witnesses were compensated inappropriately but references deposition testimony pertaining to compensation for only three of the four.  For that reason, Aoki's challenge to Robert W. Gutekunst's declaration on grounds of improper compensation is an allegation without factual support and is not considered.

States v. Singleton, No. 97-3178, 1999 WL 6469 (10th Cir. Jan. 8, 1999) (discussing application of 18 U.S.C.A. § 201(c)(2), prohibiting gratuities to government informants offered leniency in exchange for testimony); N.L.R.B. v. Thermon Heat Tracing Servs., 143 F.3d 181, 189-91 (5th Cir. 1998) (Garza, J. dissenting) (discussing prohibition against compensation of fact witness and collecting cases). Aoki asks that the declarations of the three challenged witnesses be excluded from consideration for purposes of the summary judgment motion.

In response, FMT does not address the particular circumstances of the three challenged declarants. Instead, FMT says:

> Some of the FMT Declarants are PET container industry experts and consultants who attended the 1976 NPE trade show. Their declarations recite facts based on personal knowledge of the events at that show. Some are also FMT consultants and/or are expert witnesses and, as such, have been compensated for their time spent participating in the case. It is not feasible, or required, to distinguish accurately between the two forms of services being provided at any given moment and because these declarants serve a combined function as fact witnesses and as experts/consultants, the mere fact that only fact discovery is being taken at this time does not make their declarations unethical.

FMT's Response at 10. FMT also does not explain the particular deposition excerpts referenced by Aoki.

John Peacher testified in his deposition that he had been paid $800 in this case at a rate of $100 per hour, but, in

9

context, he seemed to indicate that he was retained as an expert witness. Samuel Belcher and James Wiatt, the other two challenged declarants, testified in their depositions that they had been retained by counsel for FMT as fact witnesses and had been paid. FMT counsel, Alfred Breiner, interjected in the depositions that both Belcher and Wiatt were also acting as consultants.

From their deposition testimony, it seems likely that at least Belcher and Wiatt were paid for preparing for their depositions as fact witnesses and that the payments were in excess of the amount ordinarily allowed subpoenaed witnesses. See Irons v. Karceski, 74 F.3d 1262 (D.C. Cir. 1995). On the other hand, however, it is not clear that any of the three were paid for time spent preparing their declarations. In addition, Aoki offers no evidence that payments influenced the witnesses' declarations or deposition testimony. Based on these circumstances, exclusion of the challenged declarations is not warranted. Whether counsel's conduct violated the New Hampshire Rules of Professional Conduct is a matter that may be referred to the Professional Conduct Committee, if appropriate, but need not be resolved here at this time. Accordingly, the three challenged declarations are not excluded from consideration in response to Aoki's motion for summary judgment.

## Conclusion

For the foregoing reasons, FMT's objection (document no. 212) is denied, and Aoki's objection (document no. 216) is denied in part and otherwise taken under advisement.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

February 2, 1999
cc: Wayne M. Smith, Esquire
    Irvin D. Gordon, Esquire
    Garry R. Lane, Esquire
    Theodore A. Breiner, Esquire