# United States Court of Appeals
## For the First Circuit

Nos. 07-2527; 07-2528

UMASS MEMORIAL MEDICAL CENTER, INC.,

Plaintiff, Appellant, Cross-Appellee,

v.

UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 1445,

Defendant, Appellee, Cross-Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

[Hon. F. Dennis Saylor IV, U.S. District Judge]

Before

Lynch, Circuit Judge,
Merritt,[*] Senior Circuit Judge,
and Howard, Circuit Judge.

Robert L. Kilroy with whom Corey F. Higgins, and Mirick, O'Connell, DeMallie & Lougee, LLP, were on brief, for appellant.
Warren H. Pyle, with whom Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C., was on brief, for appellee.

May 15, 2008

---

[*]Of the Sixth Circuit, sitting by designation.

**MERRITT**, <u>Senior Circuit Judge</u>. The plaintiff, UMass Memorial Medical Center ("Hospital"), seeks a judgment vacating an arbitration award that was entered in favor of the defendant, United Food and Commercial Workers Union ("Union"). The issue is whether the district court erred when it upheld the arbitral award and denied the defendant's request for attorney fees. For the reasons stated below, we uphold the affirmance of the arbitral award and the denial of fees.

## I. Background

The Union submitted a grievance to the Hospital in October 2004, pursuant to the grievance procedure contained in the parties' collective bargaining agreement ("CBA"). The grievance was filed on behalf of employees classified as phlebotomists and was based on the Hospital's failure to provide differential pay to employees for holidays not worked. The matter was resolved in arbitration in favor of the Union. As a result, the Hospital paid the appropriate differential payments to the phlebotomists and one other employee. On November 9, 2005, the Union filed a second grievance based again on the Hospital's failure to provide differential pay for holidays not worked because the Hospital refused to apply the earlier arbitrator's decision to all employees. This second grievance was brought on behalf of all Union members. When asked to clarify on what date the grievance occurred, the Union responded that it occurred "each holiday since November 28, 2003, when employees

covered by the union contract who were on the day shift and were scheduled to work beginning before 6 a.m. . . . were not paid 'all differentials' with their holiday pay." The Hospital denied the grievance as untimely because it contended that the grievance had already been heard at the earlier arbitration and since the Union had not raised the issue at that time on behalf of all employees, it was prohibited from doing so at a later point. As a result, the second grievance was also submitted to arbitration.

The CBA sets forth a three step procedure for resolving disputes. The relevant provisions read as follows:

Step One

An alleged grievance shall be presented in writing with the date the grievance occurred by any individual employee or group of employees together with their steward if desired, to the manager or designee within seven (7) calendar days after the grievant knew or should have known of the event giving rise to the grievance. . . .

Any grievance not presented within the specific time frames specified in Step One, Two, or Three, shall be forfeited and waived by the aggrieved party and the Union. Extensions of the time frames referenced above may be granted upon mutual written agreement between [the Hospital] and the Union.

The arbitrator concluded that the second grievance was timely filed and therefore, procedurally arbitrable. He reasoned that:

The dispute in the present case . . . does not have a specific end date; it recurs every time there is a holiday and the employees are not paid the relevant differentials. It is analogous to a claim that an employer is paying incorrect wages or benefits. An alleged wrongful denial of the appropriate wage rate

- 3 -

recurs every time an employee is paid the incorrect rate of pay.

Although the arbitrator found that the alleged breach was "continuing" and "occurring each day the grievants have not been paid the appropriate rate," he also determined that the appropriate remedy would not be applied retroactively to November 2003 – when the CBA came into existence – but rather from the date of the filing of the second grievance.  Since the arbitrator found the violation to be continuous, it was irrelevant that the filing of the grievance did not occur within seven days of one of the holidays listed in the CBA or within seven days of the employees receiving payment for those holidays.  After finding the grievance procedurally arbitrable, the arbitrator upheld the grievance on the merits based upon the earlier arbitrator's finding that the Hospital had violated the terms of the CBA.

The Hospital filed a complaint in district court seeking to vacate the arbitrator's award.  It contended that the arbitrator exceeded his powers and overstepped his jurisdictional authority when he concluded that the grievance was timely filed.  It relied on the following provision in the CBA:

Arbitration

The jurisdiction and authority of the arbitrator and his opinion and award shall be confined exclusively to the interpretation and/or application of the specific provisions of this Agreement.

> The arbitrator shall have no authority to add to, detract from, alter, amend, or modify any provision of this Agreement . . . .

The thrust of the Hospital's argument was that the arbitrator's procedural holding violated the terms of the CBA because it ignored the language in the contract requiring grievances to be filed within seven days "after the grievant knew or should have known of the event giving rise to the grievance." Relying on language in the arbitrator's opinion that stated that "each holiday [upon which] a violation occurs is considered a new event," the Hospital argued that the events are episodic in nature, not continuous. Consequently, since the grievance was not filed within seven days of a holiday or payment relating to such holiday, it was untimely. The Hospital rejected the characterization of the violation as "continuous" because it argued that this characterization improperly focuses on the effect of the violation instead of on the violation itself. The Hospital argued that the arbitrator's rationale would construe even the most discrete of violations as continuous because the effect of the violation would continue until resolved by the arbitrator: this approach would then arguably nullify the seven-day rule.

In response to the Hospital's complaint, the Union filed a counterclaim to enforce the award. The Hospital then moved for judgment on the pleadings and the Union moved for summary judgment and for attorney's fees.

The district court upheld the arbitral award. It properly noted that it was constrained by "one of the narrowest standards of judicial review in all of American jurisprudence," UMASS Mem'l Med. Ctr., Inc. v. United Food and Commercial, Workers Union, Local 1445, No. 06-40274, 2007 U.S. Dist. LEXIS 64585, at *9 (D. Mass. Aug. 31, 2007) (quoting Lattimer-Stevens Co. v. United Steelworkers of Am., 913 F.2d 1166, 1169 (6th Cir. 1990)), because the parties had contracted for the decision of an arbitrator, not a judge. In order to overturn the award, the district court noted that the movant (the Hospital) must show that the award was "(1) unfounded in reason and fact; (2) based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling; or (3) mistakenly based on a crucial assumption that is concededly a non-fact." UMASS Mem'l Med. Ctr., 2007 U.S. Dist. LEXIS 64585, at *13-14 (quoting Cytyc Corp. v. DEKA Prods. Ltd. P'ship, 439 F.3d 27, 34 (1st Cir. 2006)). The district court interpreted the arbitrator's decision as "somewhat ambiguous" because it found that it could be construed two ways. First, it could be read as suggesting that each holiday is the triggering event, such that a grievance must be filed within seven days of a holiday to be considered timely. Second, and in the converse, it could be interpreted as finding that the triggering event is not limited to a specific holiday, but to every day after a holiday that an employer fails to provide the differential pay. Clearly,

under the first interpretation, the grievance would not be timely because it was not filed within seven days of a holiday. The district court found that the second line of reasoning was probably "wrong as a matter of contract interpretation" because, under this theory, "arguably every act or omission that was not resolved to the Union's satisfaction would constitute a 'continuing' violation, effectively nullifying the seven-day rule." UMASS Mem'l Med. Ctr., 2007 U.S. Dist. LEXIS 64585, at *16-17. The district court emphasized, however, that "[t]he fact that the arbitrator's opinion is subject to alternate readings is not fatal." Id. at *17 (citing United Steelworkers of Am. v. Enterprise Wheel & Car Corp., 363 U.S. 593, 598 (1960) ("A mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not reason for refusing to enforce the award.")). It concluded that the arbitrator did not exceed the scope of his powers and that his award was not contrary to the plain language of the collective bargaining agreement. Accordingly, the district court denied the plaintiff's motion for judgment on the pleadings and granted the defendant's motion for summary judgment. The district court also denied the defendant's motion for attorney's fees. The plaintiff now appeals the district court's order granting the defendant's motion for summary judgment and the defendant appeals the denial of attorney's fees.

## II.  Discussion

### A. Procedural Arbitrability

Issues of procedural arbitrability are for the arbitrator, not the court, to decide.  As we explained in Local 285, Service Employees International Union v. Nonotuck Resource Associates, Inc., 64 F.3d 735, 739 (1st Cir. 1995), "[t]hirty years of Supreme Court and federal circuit court precedent have established that issues concerning the timeliness of a filed grievance are 'classic' procedural questions to be decided by an arbitrator."

In an action to vacate or confirm an arbitral award, we review the district court's decision de novo, mindful "that the district court's review of arbitral awards must be 'extremely narrow and exceedingly deferential.'"  Bull HN Info. Sys., Inc. v. Hutson, 229 F.3d 321, 330 (1st Cir. 2000) (quoting Wheelabrator Envirotech Operating Servs., Inc. v. Mass. Laborers Dist. Council Local 1144, 88 F.3d 40, 43 (1st Cir. 1996)).  We have found arbitral awards "nearly impervious to judicial oversight," Teamsters Local Union No. 42 v. Supervalu, Inc., 212 F.3d 59, 61 (1st Cir. 2000), because both parties "have contracted to have disputes settled by an arbitrator" and therefore "it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept," United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 37-38 (1987).  Further, "[t]hat a reviewing court is convinced that the arbitrators committed error – even serious error – does

not justify setting aside the arbitral decision.  This remains true whether the arbitrator's apparent error concerns a matter of law or a matter of fact."  Cytyc Corp., 439 F.3d at 32 (citation omitted).

It is the arbitrator's result, after all, not his reasoning, which is subject to judicial review.  Coastal Oil of New England, Inc. v. Teamsters Local, 134 F.3d 466, 469 (1st Cir. 1998) ("[A] court should uphold an award that depends on the arbitrator's interpretation of a collective bargaining agreement if it can find, within the four corners of the agreement, any plausible basis for that interpretation."  (quoting El Dorado Technical Servs., Inc. v. Union General de Trabajadores de P.R., 961 F.2d 317, 319 (1st Cir. 1992)) (internal quotation marks omitted)).  Even erroneous reasoning will not necessarily lead to vacating the award.  Id.

There are some exceptions where a court will overturn an arbitral award.  The first set of exceptions is codified in the Federal Arbitration Act ("FAA") in section 10(a).[1]  This section

---

[1](a)  In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration –
>    (1) where the award was procured by corruption, fraud, or undue means;
>    (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>    (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>    (4) where the arbitrators exceeded their powers, or so

limits a court's intervention to specific and enumerated instances. We have found that it "authorizes vacatur of an award in cases of specified misconduct or misbehavior on the arbitrators' part, actions in excess of arbitral awards, or failures to consummate the award." Advest, Inc. v. McCarthy, 914 F.2d 6, 8 (1st Cir. 1990). The second set of exceptions derives from our inherent power to vacate arbitral awards and is very narrow. See Cytyc Corp., 439 F.3d at 33. This second set may arise in labor arbitration when either (1) "an award contravenes the plain language of the applicable contract" or (2) when an arbitrator disregards applicable law. Id. We are mindful that despite these exceptions, "great deference remains the general mode of approach to judicial review of arbitral awards." Id.

The Hospital's arguments on appeal are focused on the nature of the occurrence and whether the Hospital's failure to make payments can be considered a continuous violation. The Hospital maintains that the arbitrator improperly focused on the effect of the violation rather than on the violation itself. It argues that by focusing on the Hospital's failure to pay the appropriate differential each day after a holiday, the arbitrator's approach would lead to the conclusion that a grievance would remain timely

---

imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10 (2008).

- 10 -

indefinitely because the Hospital never made any proper differential payments for the holidays not worked. It concludes that any discrete violation could be construed as a continuous violation so long as it was not remedied. This approach would then nullify the timeliness provision in the CBA. The Hospital relies heavily on El Mundo Broadcasting Corp. v. United Steelworkers of Am., 116 F.3d 7 (1st Cir. 1997). In El Mundo, the Union filed a grievance based on the employer's failure to post a full-time editor position as required under the CBA. Id. at 8. The arbitrator found that the grievance was procedurally arbitrable because it was of a continuous nature. Id. at 10. He analogized the failure to post a position to a situation where an employer changes a rate of pay and deprives employees of daily pay. Id. at 10-11. Consequently, he issued an award in the Union's favor. Id. The district court then issued a ruling vacating the award, which we affirmed on appeal. The Court overturned the arbitrator's finding because it distinguished specific occurrences – such as the failure to post a position – from instances where an employer changes a rate of pay which could properly be described as a continuous violation. Id. at 11-12. The Court's concern was that settled order could be disturbed, and employers unduly prejudiced, if an employer that failed to post a position did not have arguments regarding that failure settled in a timely manner. Id. If specific occurrences, such as terminating an employee's

employment, were construed as continuous violations, employers' rights to have issues settled promptly would be compromised in favor of allowing employees to file grievances at their convenience. Id. at 12. The Court found that the appointment of an editor is a specific occurrence that cannot properly be construed as a continuous violation. Id. Consequently, it held that "[b]y misstating the basic nature of the occurrence the arbitrator read the time provisions out of the contract, ignoring its 'essence.'" Id.

The outcome in El Mundo is distinguishable; its reasoning in fact supports the arbitral ward. El Mundo concerned a single event: the naming of a person to an editorship, and not the pay received. The untimely consideration of the claim by the arbitrator led to a belated order that ousted an incumbent from a position. Here, by contrast, there was no question of retroactivity of relief or harm to settled expectations because the arbitrator refused to award a retroactive remedy to the Union based on holidays preceding the filing of the grievance. The policy concerns that underlied the Court's finding in El Mundo regarding an employer's right to have issues settled within a fixed period of time do not exist in this case because the Hospital did not have to compensate the employees for the prior holidays. Certainly, this case does not present a situation where the employer mistakenly believes that a prior action (i.e., posting a position or firing

an employee) has been fully resolved and cannot result in future liability.  At the time the second grievance was filed, the Union clearly had general notice that the employees were not going to receive differential payments from the Hospital for any holidays. During oral argument, counsel for the Hospital conceded that if an employee had notice before a holiday occurred that he would not be compensated for that holiday, an anticipatory grievance could be considered timely.  There was no reason for the Hospital to believe that the Union did not intend to pursue the same remedy for all employees after the Union was alerted to the Hospital's unwillingness to apply the arbitral award to every employee.

This case fails to meet the exceedingly high threshold for judicial interference with arbitral awards.  We agree with the lower court that there is insufficient evidence to find that the award was "unfounded in reason and fact," "mistakenly based on a crucial assumption that is concededly a non-fact," or "based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling."  See Cytyc Corp., 439 F.3d at 34.  We hold that the award "draws its essence from the collective bargaining agreement." United Steelworkers of Am., 363 U.S. at 597.

### B. Attorney's Fees

The Union appeals the district court's refusal to award it attorney's fees.  It contends that the Hospital sought judicial

review of the arbitrator's decision without justification. We review the district court's decision for abuse of discretion. <u>See</u> <u>Crafts Precision Indus., Inc.</u> v. <u>Lodge No. 1836 of Dist. 38</u>, 889 F.2d 1184, 1186 (1st Cir. 1989).

In light of the issue concerning the Hospital's timeliness defense and the question of "continuous violation," we find that the district court did not abuse its discretion in its conclusion that the Hospital's federal claim was sufficiently justified to avoid payment of attorney's fees.

### III. Conclusion

For the reasons stated, the decision of the district court is AFFIRMED.