17-3110-cr
United States v. Style

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand nineteen.

PRESENT:  GUIDO CALABRESI,
          GERARD E. LYNCH,
          RAYMOND J. LOHIER, JR.,
               *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

          *Appellee*,

          v.                                            No. 17-3110-cr

LENWORTH A. STYLE, AKA LENWORTH STYLES, AKA MICHAEL BROWN,

          *Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: STEVEN A. METCALF II, Metcalf & Metcalf, P.C., New York, NY.

FOR APPELLEE: HAROLD H. CHEN, Assistant United States Attorney (Marc H. Silverman, Assistant United States Attorney, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Alfred V. Covello, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Lenworth Style appeals from a judgment of the District Court (Covello, J.) following his conviction at trial for making a false statement in a passport application in violation of 18 U.S.C. § 1542.   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

Style raises three arguments on appeal, all of which we reject.

First, Style claims a violation of his rights under Section 3161(b) of the Speedy Trial Act because he was not indicted within thirty days of his arrest.

See 18 U.S.C. § 3161(b). Style did not raise this argument before the District Court. Citing to language in 18 U.S.C. § 3162(a)(2), six of our sister circuits have held that a defendant who fails to timely move for dismissal on the basis of an untimely indictment waives his right to move for dismissal under the speedy indictment provision in § 3161(b). See, e.g., United States v. Satterwhite, 893 F.3d 352, 357 (6th Cir. 2018) (collecting cases). We need not decide whether to join them. Here, the record reflects that Style affirmatively consented on six separate occasions to extend the period within which an indictment against him could be returned under the Speedy Trial Act, covering the entire period between arrest and indictment, and the District Court found such extensions to be in the interest of justice.

Second, Style argues that his constitutional rights under the Fifth and Sixth Amendments were violated as a result of an alleged underrepresentation of African Americans in the jury venire in his case—10 percent (5 out of 50) of the jury venire was African American—and the absence of African Americans on the jury that was ultimately impaneled. In advancing this argument, Style fails to identify a single instance in which a juror was challenged or struck based on the

3

juror's race. Nor does he identify any particular deficiency in the jury selection process. And while Style simply asserts without citation that the District of Connecticut is more than 30 percent black or African American, we take judicial notice of the fact that the United States Census Bureau estimates that 11.9 percent of Connecticut's population identified as black or African American as of July 2018.[1] For these reasons, we agree with the District Court that Style failed to show any intentional discrimination against or systematic exclusion of African Americans in the jury selection process. See United States v. Miller, 116 F.3d 641, 658–59 (2d Cir. 1997); United States v. Rioux, 97 F.3d 648, 659 (2d Cir. 1996).

Third, Style argues for the first time on appeal that the District Court erred in allowing the Government to cross-examine him at trial about his 1993 drug conviction and about a protective order entered against him without reasonable written notice in violation of Federal Rule of Evidence 609(b)(2). Even assuming without deciding that impeachment by contradiction is not permitted under Rule 609, but see United States v. Gilmore, 553 F.3d 266, 272 (3d Cir. 2009), the District

---

[1] UNITED STATES CENSUS BUREAU, QUICKFACTS: CONNECTICUT, https://www.census.gov/quickfacts/fact/table/ct/PST045218 (last visited May 2, 2019).

Court did not commit plain error because the evidence of Style's guilt was overwhelming, and the impeachment did not seriously affect the overall fairness of the trial.   See FED. R. CRIM. P. 52(b); United States v. Groysman, 766 F.3d 147, 155 (2d Cir. 2014).

We have considered all of Style's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court