**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 13, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

JESTIN TAFOLLA,

    Petitioner - Appellant,

v.

DAVID ROGERS, Warden,

    Respondent - Appellee.

No. 25-5050
(D.C. No. 4:22-CV-00140-SEH-SH)
(N.D. Okla.)

---

## ORDER DENYING CERTIFICATE OF APPEALABILITY*

---

Before **HARTZ**, **EID**, and **ROSSMAN**, Circuit Judges.

---

Jestin Tafolla, through counsel, applies for a certificate of appealability ("COA")

to appeal from the district court's denial of his 28 U.S.C. § 2254 habeas application. We

deny a COA and dismiss this matter.

### Background & Procedural History

Mr. Tafolla was convicted after a jury trial in state court in Oklahoma of

(1) assault and battery with a dangerous weapon after two or more felonies and

(2) possession of an illegal weapon. He was sentenced to life in prison. His convictions

arose from a road rage incident that led to a physical altercation between Mr. Tafolla and

---

*This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Dennis Clayton. Mr. Tafolla struck Mr. Clayton repeatedly on the head while wearing

brass knuckles. Two police officers intervened after observing the incident. Mr. Tafolla

proceeded to trial. He testified in his defense. Several witnesses also testified at trial,

including the two police officers. Mr. Clayton was not present at trial, but his out-of-

court statements were introduced at trial through the officers' testimony.

The Oklahoma Court of Criminal Appeals ("OCCA") affirmed on direct appeal.

Mr. Tafolla then filed a state post-conviction relief application in the Tulsa County

District Court, which was denied. The OCCA also denied the post-conviction appeal.

Mr. Tafolla then filed his § 2254 habeas application in federal district court. The

application listed three general grounds for relief, including several subclaims. The

district court denied Mr. Tafolla's application, determining some claims were

procedurally barred and the remainder failed on the merits.

### COA Standard

Mr. Tafolla needs a COA to appeal from the district court's denial of his § 2254

application. 28 U.S.C. § 2253(c)(1)(A). To obtain a COA, Mr. Tafolla must make

"a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This

standard requires a petitioner to "show that reasonable jurists could debate whether (or,

for that matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Slack v. McDaniel*, 529 U.S.

473, 484 (2000).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), when a state court has adjudicated the merits of a claim, a federal district court may grant habeas relief on that claim only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

## Procedurally Defaulted Claims

We begin with the claims the district court denied as procedurally defaulted. Those claims are based on prosecutorial misconduct; ineffective assistance of trial counsel for failing to object to prosecutorial misconduct and failing to introduce dash-cam evidence at trial; and ineffective assistance of appellate counsel for failing to challenge trial counsel's ineffectiveness regarding the dash-cam evidence.

Because the district court dismissed some claims on procedural grounds, we will grant a COA as to those claims only if the applicant can demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A state-court decision is contrary to clearly established federal law if the state court (1) "applies a rule that contradicts the governing law set forth in Supreme Court cases," or (2) "confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from that precedent." *House v. Hatch*, 527 F.3d

3

1010, 1018 (10th Cir. 2008) (brackets and internal quotation marks omitted).  A state-court decision involves an unreasonable application of clearly established federal law "when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts."  *Id.*

We see no basis for a COA on the procedurally defaulted claims.  "The first task of an appellant is to explain to us why the district court's decision was wrong."  *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015).  But Mr. Tafolla only asserts that his procedurally defaulted claims "should not be summarily brushed aside."  Appl. for COA at 5.  He has not challenged the district court's procedural default findings, nor has he asked to excuse his procedural default.  Under these circumstances, we must conclude Mr. Tafolla has waived any challenge as to the procedurally defaulted claims.  *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived . . . [as are] arguments that are inadequately presented . . . ." (internal quotation marks omitted)).  We deny a COA on all procedurally defaulted claims.

## Claims Evaluated on the Merits

We now turn to the claims that the district court reviewed on the merits, which Mr. Tafolla attempts to challenge in his appellate materials.

### Confrontation Clause Violation

In his COA application, Mr. Tafolla argues that his Sixth Amendment Confrontation Clause rights were violated because Mr. Clayton's statements were erroneously admitted at trial in violation of the Confrontation Clause.  Mr. Tafolla raised

4

this claim on direct appeal.  The OCCA reviewed the argument for plain error because Mr. Tafolla objected at trial on evidentiary grounds but did not raise a Confrontation Clause objection.  The OCCA concluded Mr. Tafolla's Sixth Amendment rights had been violated, but that plain "error . . . [did] not necessarily require relief."  Aplt. App'x at 122.  "Given the constitutional nature of [the] claim," the OCCA explained it "must decide whether [the error] was harmless beyond a reasonable doubt."  *Id*. (citing *Chapman v. California*, 386 U.S. 18, 24 (1967)).  In *Chapman*, the Supreme Court held that "before a federal constitutional error can be held harmless, the [reviewing] court must be able to declare a belief that it was harmless beyond a reasonable doubt."  *Chapman*, 386 U.S. at 24.  The OCCA reviewed the properly admitted evidence from trial and found "that the violation of the Confrontation Clause contributed neither to Tafolla's conviction nor to the punishment assessed; it was harmless beyond a reasonable doubt."  Aplt. App'x at 123.  The district court agreed and denied a COA.  According to the district court, reasonable jurists would not debate the correctness of its assessment, given the substantial evidence of Mr. Tafolla's guilt independent of Mr. Clayton's statements that were introduced at trial.

We discern no error.  "When a [state court's] *Chapman* decision is reviewed under AEDPA, [we] may not award habeas relief under § 2254 unless *the harmlessness determination itself* was unreasonable."  *Davis v. Ayala*, 576 U.S. 257, 269 (2015) (internal quotation marks omitted) (emphasis in original).  "And a state-court decision is not unreasonable if fairminded jurists could disagree on its correctness."  *Id.* (internal quotation marks omitted).  Rather, the habeas petitioner "must show that the state court's

5

decision to reject his claim was so lacking in any justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 269-70 (internal quotation marks omitted).  Mr. Tafolla has not shown that the OCCA's harmlessness determination was unreasonable under this standard.  As the district court explained, the OCCA correctly analyzed Mr. Tafolla's argument under plain-error review on direct appeal.  The district court's analysis included a thorough review of the trial evidence to explain why the introduction of Mr. Clayton's out-of-court statements was harmless.  That evidence included:  testimony from two detectives regarding their observations of Mr. Tafolla beating Mr. Clayton, the recovery of brass knuckles after the incident, the injuries Mr. Clayton sustained, and Mr. Tafolla's own testimony that he hit Mr. Clayton with brass knuckles.  Applying the applicable standards, and discerning no error, we thus deny a COA as to this claim.  *See Slack*, 529 U.S. at 484.

Prosecutorial Misconduct:  Statements Made in Closing Argument

Mr. Tafolla requests a COA on his allegations that prosecutorial misconduct during the government's closing argument at trial deprived him of his right to a fair trial. Mr. Tafolla properly raised the following prosecutorial misconduct claims regarding the prosecutor's remarks during closing arguments:  (1) arguments to the jury about protecting society from Mr. Tafolla; (2) statements that Mr. Clayton would have been killed without intervention and that he was afraid to testify at trial; and (3) referring to Mr. Tafolla as a predator.

6

Mr. Tafolla made this argument on direct appeal. The OCCA reviewed for plain

error and found no prosecutorial misconduct based on the prosecutor's closing arguments

because: (1) the prosecutor did not improperly invoke societal alarm, per Oklahoma state

law;[1] (2) the prosecutor's comments were based on evidence presented at trial; and

(3) the prosecutor's statements did not amount to misconduct under plain error review.

The district court determined that the OCCA's decision was not contrary to clearly

established federal law.

Reasonable jurists would not find the district court's assessment of this claim to be

debatable. *See Slack*, 529 U.S. at 484. For Mr. Tafolla to obtain habeas relief on his

prosecutorial misconduct claims, he must demonstrate that the prosecutor's misconduct

was egregious enough to render the "entire proceedings against the defendant

fundamentally unfair." *Smallwood v. Gibson*, 191 F.3d 1257, 1275 (10th Cir. 1999). In

evaluating the alleged misconduct, the court considers the totality of the circumstances.

*Id.* at 1276. Mr. Tafolla has not raised any argument in his COA application to suggest

that the district court's rejection of these claims was wrong.

While it may have been inappropriate for the prosecutor to refer to Mr. Tafolla as

a predator, as the district court reasonably observed, Mr. Tafolla has identified nothing in

---

[1] Tafolla's direct appeal relied on state law. In Oklahoma, "prosecutorial argument invoking societal alarm is improper." *Terrell v. State*, 425 P.3d 399, 401 (Okla. Crim. App. 2018); *see also McElmurry v. State*, 60 P.3d 4, 34 (Okla. Crim. App. 2002) ("The prohibited 'societal alarm' argument is one that mentions crimes committed by other persons and not attributable to the defendant on trial. . . . [I]t implies that the jury should 'make an example' out of the defendant on trial to deter other potential criminals.").

the record to suggest this comment rendered the entire trial fundamentally unfair. We thus deny a COA as to this claim. *See Slack*, 529 U.S. at 484.

### Ineffective Assistance of Counsel

Mr. Tafolla also seeks a COA for his claim that his trial counsel was ineffective for failing "to object to the admission of evidence or object to the prosecutor's misconduct on numerous occasions." Appl. for COA at 5.

*Strickland v. Washington*, 466 U.S. 668 (1984), governs ineffective-assistance claims. Under *Strickland*, the applicant must show (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Id.* at 687. The first prong requires an applicant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* The second prong requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "When a habeas petitioner alleges ineffective assistance of counsel, deference exists both in the underlying constitutional test (*Strickland*) and the AEDPA's standard for habeas relief, creating a doubly deferential judicial review." *Harris v. Sharp*, 941 F.3d 962, 973 (10th Cir. 2019) (internal quotation marks omitted). "Under this double deference, we consider whether there is *any reasonable argument* that counsel satisfied *Strickland*'s deferential standard." *Id.* at 974 (internal quotation marks omitted).

8

Ineffective Assistance of Trial Counsel

Mr. Tafolla seeks a COA on whether his trial counsel was ineffective for failing to offer exculpatory evidence and for failing to object on numerous occasions at trial. As discussed, his claim regarding trial counsel's failure to offer exculpatory evidence is procedurally defaulted. We turn now to whether a COA is warranted on his claim that counsel was ineffective for failing to raise objections during trial.

The OCCA addressed this claim on postconviction appellate review under *Strickland* and determined that Mr. Tafolla's claim failed because he could not show that his trial results would have been different but for counsel's actions. The district court denied habeas relief on this claim because Mr. Tafolla had not shown that the OCCA unreasonably applied *Strickland* or unreasonably determined the underlying facts. The district court noted that the results at trial likely would not have been different, as there was significant evidence presented against Mr. Tafolla to support the guilty verdict.

Reasonable jurists would not debate the district court's conclusion. Mr. Tafolla argues that his appellate counsel raised several claims of ineffectiveness of trial counsel on direct appeal. He appears to assert that the number of ineffective assistance arguments raised on direct appeal demonstrates that trial counsel was, in fact, ineffective, and that the number of transgressions amounted to prejudicial cumulative error. But the claims raised on direct appeal were unavailing, and Mr. Tafolla offers no argument or explanation to refute the resolution of those claims, outside of describing them as unreasonable. Under these circumstances, he has not shown that reasonable jurists would

9

find the district court's assessment of his claim debatable or wrong. *See Slack*, 529 U.S. at 484. We deny a COA on this claim.

Ineffective Assistance of Appellate Counsel

Finally, Mr. Tafolla seeks a COA on whether his appellate counsel was ineffective for failing to raise the following challenges on direct appeal: (1) an Eighth Amendment challenge; (2) additional prosecutorial misconduct challenges; and (3) the trial court's failure to instruct the jury on the lesser-included offense of assault and battery. Mr. Tafolla raised these claims in his state post-conviction relief application, and the OCCA determined that these arguments failed under *Strickland* because he could not show prejudice. We evaluate claims of ineffective assistance of appellate counsel under *Strickland. See Smith v. Robbins*, 528 U.S. 259, 285 (2000). To support a finding that appellate counsel was ineffective, Mr. Tafolla must demonstrate that (1) counsel's performance was deficient, and (2) that deficient performance was prejudicial. *See Strickland*, 466 U.S. at 687. For counsel's performance to be prejudicial, Mr. Tafolla "must show a reasonable probability that, but for his counsel's unreasonable failure" to raise the identified issues, "he would have prevailed on his appeal." *Smith*, 528 U.S. at 285.

The district court found that the OCCA did not unreasonably apply *Strickland* because Mr. Tafolla could not demonstrate that the results of his appeal would have been different under *Strickland*'s prejudice prong. The district court reasoned that: (1) Mr. Tafolla's sentence was within the statutory range; (2) the evidence introduced at trial established that he used a deadly weapon; and (3) there was "strong evidence of

10

Mr. Tafolla's guilt" presented at trial, and raising other arguments of prosecutorial misconduct on appeal would not have demonstrated that the trial outcome was fundamentally unfair.

Reasonable jurists would not debate the district court's resolution of this claim. Mr. Tafolla fails to offer any specific argument challenging the district court's determination that he could not demonstrate prejudice. He does not address the relevant habeas standards, and instead "urges" us "to give this issue closer scrutiny." Aplt. Opening Br. at 10. Without any specific argument on appellate counsel's ineffectiveness, Mr. Tafolla cannot show that reasonable jurists would find the district court's resolution of this claim debatable or wrong. *See Slack*, 529 U.S. at 484. We deny a COA on this claim.

## Conclusion

We grant Mr. Tafolla's motion for *in forma pauperis* status.

We deny Mr. Tafolla's application for a COA and dismiss this appeal.

Entered for the Court

Veronica S. Rossman
Circuit Judge