**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000904**
**12-MAY-2022**
**07:58 AM**
**Dkt. 70 MO**

NO. CAAP-18-0000904

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF THE MEDIATION BETWEEN

UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO,
Union-Appellee,
and
CITY AND COUNTY OF HONOLULU, DEPARTMENT OF ENVIRONMENTAL
SERVICES, REFUSE DIVISION (on bulky item refuse collection)
(KA-13-09)(2013-024), Employer-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1SP181000206)

**MEMORANDUM OPINION**
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Employer-Appellant City and County of Honolulu,
Department of Environmental Services, Refuse Division (**City** or
**Employer**), appeals from the **Judgment** entered by the Circuit Court
of the First Circuit on October 22, 2018.[1]  For the reasons
explained below, we affirm the Judgment.

**BACKGROUND**

Union-Appellee United Public Workers, AFSCME, Local
646, AFL-CIO (**UPW** or **Union**) initiated three class grievances
against the City.  UPW and the City agreed to have one person

---

[1]    The Honorable Virginia L. Crandall presided.

serve as arbitrator for all three cases.  UPW served a discovery request upon the City.  The City did not respond.  UPW filed a motion to compel and for sanctions.  The arbitrator granted the motion and imposed sanctions against the City.  The April 3, 2018 **"Order Granting Motion to Compel** and for Sanctions" provided, in relevant part:

> I.     Employer shall pay to the union sanctions in the amount of $4,188.48 for continuing and repeated violations of Section 15.09 and the arbitrator's prior cease and desist order. . . . Payment of the sanctions by employer to the union in the amount of $4,188.48 shall be made not later than 30 days from the date of this order.
>
> J.     Employer is hereby ordered to provide prompt, full, and complete responses to the union's request for information dated February 9, 2018 by not later than 7 days from the date of this order, and shall cease and desist from continuing to violate Section 15.09 of the unit 1 agreement.
>
> K.     In the event employer fails to comply with paragraphs I and J of this decision and order, employer shall pay to the union a daily assessment to be determined by the Arbitrator.  If there is non-compliance with the terms and conditions of this order, additional attorney's fees incurred by the union to enforce compliance with this decision may be ordered.

(citations omitted).

The City did not comply with the Order Granting Motion to Compel.  UPW moved for entry of a partial final award.  The arbitrator granted the motion and issued a "Partial Final Arbitration Decision and Award" (**Partial Final Award**) on June 7, 2018.  The Partial Final Award provided:

> 1.     Employer shall pay to the Union daily assessments of $300.00 per day from April 10, 2018 to May 21, 2018 for a total of $12,300[.]  The assessments shall be paid by the Employer to the Union not later than forty-five (45) days from the date of this decision and award.  In the event Employer fails to make timely payment of the daily assessments, Employer shall pay interest on the amounts due and owing at the rate of ten percent (10%) per annum to the date payment of the full amount due and owing is actually made to the Union.
>
> 2.     Employer shall pay to the Union $4,188.48 for attorney 's fees which were due and owing on and after May 3, 2018 under the April 3, 2018 order granting the motion to compel and for sanctions together with interest assessed at ten percent (10%) per annum from May 3, 2018 to the date payment is actually made by Employer to the Union.

2

> 3.    Employer shall pay to the Union additional attorney's fees in the amount of $15,078.53 for attorney's fees and costs in the amount of $562.47 to enforce compliance with the remedial terms of the April 3, 2018 order granting the motion to compel and for sanctions.  The additional reasonable attorney's fees and costs shall be paid by the Employer to the Union not later than forty-five (45) days from the date of this decision and award.  In the event Employer fails to make timely payment of the additional costs and reasonable attorney's fees, Employer shall pay interest on the amounts due and owing at the rate of ten percent (10%) per annum to the date payment of the full amount due and owing is actually made to the Union.

UPW then initiated a special proceeding in circuit court to confirm the Partial Final Award.  The City did not move to vacate the Partial Final Award.  The record does not contain a memorandum in opposition filed by the City.[2]  The circuit court entered an order granting UPW's motion and the Judgment.  This appeal by the City followed.

**POINT OF ERROR**

The City raises a single, narrow point of error:

> "The circuit court erred as a matter of law in granting UPW's Motion to Confirm in concluding that the Partial Final Award was subject to confirmation under Haw. Rev. Stat. § 658A-22."

---

[2]    The City filed a motion to supplement the record on appeal, contending its memorandum in opposition to UPW's motion was filed using an incorrect case number.  We denied the motion without prejudice because the City did not demonstrate that the document was presented to or considered by the circuit court, citing State v. Pacquing, 129 Hawaiʻi 172, 192, 297 P.3d 188, 208 (2013) ("supplementing the record on appeal with evidence not presented to the trial court is improper under HRAP [Hawaiʻi Rules of Appellate Procedure] Rule 10(e)").

The City filed a renewed motion to supplement the record on appeal, stating that the circuit court had granted the City's ex parte motion to re-file the memorandum under the correct case number, but for some reason "the refiling of the City's opposition memorandum did not make it to the correct S.P. Number, as the Record on Appeal does not contain the document[.]" UPW opposed the renewed motion.  We denied the motion without prejudice to the City seeking relief from the circuit court under HRAP Rule 10(e)(1) and (2)(B), because "the circuit court in the underlying case is better situated to determine whether it was presented with or considered the [City's memorandum in opposition], and whether the documents were omitted from the record on appeal by error or accident."  The circuit court clerk did not thereafter file a supplemental record on appeal.

The City did not move to vacate the Partial Final Award and the record contains no memorandum in opposition to UPW's motion to confirm. The only argument the City could not have waived is that the circuit court lacked jurisdiction under Chapter 658A of the Hawaii Revised Statutes (**HRS**) to confirm the Partial Final Award. See Mathewson v. Aloha Airlines, Inc., 82 Hawaiʻi 57, 69, 919 P.2d 969, 981 (1996) ("The lack of subject matter jurisdiction can never be waived by any party at any time.") (cleaned up).

## STANDARD OF REVIEW

"Whether a circuit court possesses subject matter jurisdiction over a dispute relating to arbitration . . . is a question of law reviewable de novo." Mathewson, 82 Hawaiʻi at 69, 919 P.2d at 981 (citations omitted).

> Questions of statutory interpretation are questions of law to be reviewed de novo under the right/wrong standard. Our statutory construction is guided by the following well established principles: our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.

United Public Workers, AFSCME, Loc. 646 v. City & Cnty. of Honolulu, 124 Hawaiʻi 367, 369, 244 P.3d 604, 606 (App. 2010) (reformatted) (the **Sick Leave Credit** case).

## DISCUSSION

HRS § 658A-22 (2016) provides:

> **Confirmation of award.** After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to section 658A-20 or 658A-24 or is vacated pursuant to section 658A-23.

The City contends that HRS § 658A-22 did not authorize confirmation of the Partial Final Award because the Partial Final Award "did not address any of the substantive merits of the underlying labor grievance" and HRS § 658A-22 "contemplates a final decision on the merits, not an interim, interlocutory decision, award, or order."

The City relies upon Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994). Jenkins was an appeal from a civil lawsuit. The circuit court granted motions to dismiss filed by six of the seven defendants. The plaintiff appealed. The six defendants contested appellate jurisdiction because the orders granting the motions to dismiss did not resolve the plaintiff's claim against the seventh defendant, and no separate judgment had been entered as required by Rule 58 of the Hawai'i Rules of Civil Procedure (**HRCP**). The supreme court held:

> (1) An appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP 58; (2) if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified; (3) if the judgment resolves fewer than all claims against all parties, or reserves any claim for later action by the court, an appeal may be taken only if the judgment contains the language necessary for certification under HRCP 54(b); and (4) an appeal from any judgment will be dismissed as premature if the judgment does not, *on its face*, either resolve all claims against all parties or contain the finding necessary for certification under HRCP 54(b).

Id. at 119, 869 P.2d at 1338. Jenkins is inapposite because HRCP Rules 54(b) and 58 do not apply to "[a]pplications to a circuit court under [HRS] chapter 658A, relating to arbitration, and proceedings thereon prior to judgment[.]" HRCP Rule 81(a)(5).

The City also relies upon the Sick Leave Credit case. That case involved two class-action labor grievances. The union and employer agreed to arbitrate the grievances pursuant to

5

provisions in the parties' collective bargaining agreements. The circuit court appointed an arbitrator. At some point, the City contested the arbitrability of the grievances. The arbitrator held a hearing, then issued an "Arbitrator's Determination on the Issue of Arbitrability[.]" The arbitrator decided "that the class grievance is arbitrable on its merits and this matter shall proceed to further arbitration for a determination on the merits of the class grievance." Id. at 368, 244 P.3d at 605. The union moved to confirm the arbitrator's decision. The circuit court granted the motion and entered a judgment. The City appealed. We held that the legislature "intended [the term] 'award' as used in HRS § 658A-28(a)[3] to mean a final arbitration **award** and not merely any arbitration intermediate **decision**." Id. at 370, 244 P.3d at 607 (cleaned up) (bold italics added). Because the arbitrator's decision regarding arbitrability was not an "award" under HRS § 658A-28(a), we dismissed the appeal for lack of appellate jurisdiction. We did not decide whether the circuit court had the authority under HRS § 658A-22 to "issue a confirming order" on the arbitrator's determination of arbitrability.

In this case, the arbitrator was authorized to issue the Order Granting Motion to Compel. HRS § 658A-17 (2016) provides, in relevant part:

> **Witnesses; subpoenas; depositions; discovery.**
>
> . . . .
>
> (c) An arbitrator may permit such discovery as the arbitrator decides is appropriate in the circumstances, taking into account the needs of the parties to the arbitration proceeding and other affected persons and the

---

[3] HRS § 658A-28 (2016) provides, in relevant part:

**Appeals.** (a) An appeal may be taken from:

. . . .

(3) An order confirming or denying confirmation of an award[.]

6

> desirability of making the proceeding fair, expeditious, and cost effective.
>
> (d)    If an arbitrator permits discovery under subsection (c), the arbitrator may order a party to the arbitration proceeding to comply with the arbitrator's discovery-related orders, issue subpoenas for the attendance of a witness and for the production of records and other evidence at a discovery proceeding, and take action against a noncomplying party ***to the extent a court could if the controversy were the subject of a civil action in this State***.

(bold italics added).  HRCP Rule 37(b) authorizes a court to impose sanctions, including an award of attorneys' fees, against a party that fails to comply with a discovery order.

After the City failed to comply with the Order Granting Motion to Compel, UPW moved for summary disposition of the issue under HRS § 658A-15(b)(2).  HRS § 658A-15 (2016) provides, in relevant part:

> (b)    An arbitrator may decide a request for summary disposition of a claim ***or particular issue***:
>
> . . . .
>
> (2)    Upon request of one party to the arbitration proceeding if that party gives notice to all other parties to the proceeding, and the other parties have a reasonable opportunity to respond.

(bold italics added).

In addition, HRS § 658A-18 (2016) provides in relevant part:

> **Judicial enforcement of pre-award ruling by arbitrator**.  If an arbitrator makes a pre-award ruling in favor of a party to the arbitration proceeding, ***the party may request the arbitrator to incorporate the ruling into an award under section 658A-19***.  A prevailing party may make a motion to the court for an expedited order to confirm the award under section 658A-22, in which case the court shall summarily decide the motion.  The court shall issue an order to confirm the award unless the court vacates, modifies, or corrects the award[.]

(bold italics added).  The Order Granting Motion to Compel was a pre-award ruling by the arbitrator.

The City argues that HRS § 658A-18 only allows the incorporation of a pre-award ruling into a *final* award.  But the plain language of HRS § 658A-18 refers to the arbitrator incorporating a pre-award ruling into "an" award, not "the" award or "the final" award.  That is also what HRS Chapter 658A, read as a whole, comprehends.  HRS § 658A-19 (2016) provides, in relevant part:

> **Award.**  (a) An arbitrator shall make a record of *an award*. The record shall be signed or otherwise authenticated by any arbitrator who concurs with the award.  The arbitrator or the arbitration organization shall give notice of the award, including a copy of the award, to each party to the arbitration proceeding.

(bold italics added).  A "record" is "information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form."  HRS § 658A-1 (2016).  The Partial Final Award was a record signed by the arbitrator.  Nothing in HRS Chapter 658A limits the arbitrator to issuing one "final" award.

The Partial Final Award was an interim award.  HRS § 658A-8 (2016) provides, in relevant part:

> **Provisional remedies.**
>
> . . . .
>
> (b)  After an arbitrator is appointed and is authorized and able to act:
>
> > (1)  The arbitrator may issue such orders for provisional remedies, including *interim awards*, as the arbitrator finds necessary to protect the effectiveness of the arbitration proceeding and to promote the fair and expeditious resolution of the controversy, *to the same extent and under the same conditions as if the controversy were the subject of a civil action[.]*

(bold italics added).  HRS § 658A-18 authorized UPW to "make a motion to the [circuit] court for an expedited order to confirm the [interim] award under section 658A-22[.]"  That is what UPW did below.  The circuit court had jurisdiction to enter the order granting UPW's motion to confirm the Partial Final Award.

8

Having confirmed the Partial Final Award, the circuit court also had jurisdiction to enter the Judgment.  HRS § 658A-25 (2016) provides, in relevant part:

> **Judgment on award; attorney's fees and litigation expenses.**
> (a) Upon granting an order confirming . . . an award, the court shall enter a judgment in conformity therewith.  The judgment may be recorded, docketed, and enforced as any other judgment in a civil action.

## CONCLUSION

The Order Granting Motion to Compel was a pre-award ruling authorized by HRS § 658A-17.  UPW moved for it to be incorporated into an "award" as allowed by HRS §§ 658A-18 and -19.  The arbitrator granted the motion and issued the Partial Final Award, which was an interim award, under HRS § 658A-8.  UPW then utilized HRS §§ 658A-18 and -25 to move the circuit court for an expedited order to confirm the Partial Final Award under HRS § 658A-22.  The circuit court had jurisdiction to confirm the Partial Final Award and to enter the Judgment.  For the foregoing reasons, the Judgment entered by the circuit court on October 22, 2018, is affirmed.

DATED:  Honolulu, Hawaiʻi, May 12, 2022.

On the briefs:

Ernest H. Nomura,
Deputy Corporation Counsel,
for Employer-Appellant.

Herbert R. Takahashi,
Rebecca L. Covert,
for Union-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge